1   Rachael Lamkin (CA Bar No. 246066)
    rachael.lamkin@bakerbotts.com
2   BAKER BOTTS L.L.P.
    101 California St Ste 3200,
3   San Francisco, California 94111
    Telephone: (415) 291-6264
4   Facsimile:  (415) 291-3645

5   Paul Morico (TX Bar No. 792053) (*pro hac vice* pending)
6   paul.morico@bakerbotts.com
    BAKER BOTTS L.L.P.
7   910 Louisiana Street, Suite 3200
    Houston, Texas 77002
8   Telephone: (713) 229-1732
    Facsimile:  (713) 229-7732
9
    Emily Pyclik (TX Bar No. 24110240) (*pro hac vice* pending)
10  emily.pyclik@bakerbotts.com
11  BAKER BOTTS L.L.P.
    401 S 1st Street, Suite 1300
12  Austin, Texas 78704
    Telephone: (512) 322-2615
13  Facsimile:  (512) 322-3615

14  *Attorneys for Applicant Oxford Nanopore Technologies plc*

15

16              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
17                   SAN JOSE DIVISION

18
    In re APPLICATION OF OXFORD      | Case No.:  24-mc-80227
19  NANOPORE TECHNOLOGIES plc for    |
    issuance of subpoenas under 28 U.S.C. § | **EX PARTE APPLICATION OF OXFORD**
20  1782                             | **NANOPORE TECHNOLOGIES PLC FOR**
                                     | **DISCOVERY ORDER PURSUANT TO 28**
21                                   | **U.S.C. § 1782 AND MEMORANDUM OF**
                                     | **LAW IN SUPPORT THEREOF**
22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Apple Retail UK Ltd.*,
No. 20-mc-80109-VKD, 2020 WL 3833392 (N.D. Cal. July 8, 2020) .............................20, 23

*In re Credit Suisse Virtuoso SICAV-SIF*
*in Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Fin. Fund*,
No. 21-mc-80308-JCS, 2022 WL 1786050 (N.D. Cal. June 1, 2022)..............................20, 21

*In re Eurasian Nat. Res. Corp.*,
No. 18-mc-80041-LB, 2018 WL 1557167 (N.D. Cal. Mar. 30, 2018) ..................................20

*In re Glob. Energy Horizons Corp.*,
No. 5:15–mc–80078–PSG, 2015 WL 1325758 (N.D. Cal. Mar. 24, 2015) ...............20, 22, 23

*In re Hattori*,
No. 21-mc-80236-TSH, 2021 WL 4804375 (N.D. Cal. Oct. 14, 2021) ..................................23

*In re Hoteles City Express*,
No. 18-mc-80112-JSC, 2018 WL 3417551 (N.D. Cal. July 13, 2018) ..................................21

*In re Illumina Cambridge Ltd.*,
No. 19-mc-80215-WHO (TSH), 2019 WL 5811467 (N.D. Cal. Nov. 7, 2019).....................20

*In re Illumina Cambridge Ltd*,
No. 3:19-mc-80215-WHO, ECF No. 1 (N.D. Cal. Sept. 9, 2019)..........................................24

*In re Illumina Cambridge Ltd*,
No. 3:19-mc-80215-WHO, ECF No. 42 (Feb. 19, 2020) ......................................................20

*In re JSC Com. Bank Privatbank*,
No. 21-mc-80216-VKD, 2021 WL 4355334 (N.D. Cal. Sept. 24, 2021)......................... 22-23

*In re Nat'l Bank Tr.*,
No. 3:20-mc-85 (CSH), 2021 WL 118531 (D. Conn. Jan. 13, 2021) ....................................23

*In re Nikon Corp. v. GlobalFoundries U.S., Inc.*,
No. 17-mc-80071-BLF, 2017 WL 4647753 (N.D. Cal. Oct. 16, 2017) ................................22

*In re Ontario Principals' Council*,
No. 5:13–mc–80237–LHK–PSG, 2013 WL 6073517 (N.D. Cal. Nov. 8, 2013) ..................19

*In re PJSC Uralkali*,
No. C18-1673JLR, 2019 WL 291673 (W.D. Wash. Jan. 23, 2019) ................................20, 23

*In re Qualcomm Inc.*,
162 F. Supp. 3d 1029 (N.D. Cal. 2016) ................................................................................19

i

*In re Qualcomm Inc.*,
    No. 18-mc-80104-VKD, 2018 WL 3845882 (N.D. Cal. Aug. 13, 2018) ...............................21

*In re Takai*,
    No. 21-mc-80245-TSH, 2021 WL 5205583 (N.D. Cal. Nov. 9, 2021) ...................................23

*In re Tovmasyan*,
    No. 21-353 (RAM), 2021 WL 3737184 (D.P.R. Aug. 20, 2021) ..................................... 20-21

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)............................................................................................................. passim

*IS Prime Ltd. v. Glassdoor, Inc.*,
    No. 21-mc-80178-DMR, 2021 WL 5889373 (N.D. Cal. Dec. 13, 2021) ...............................22

*Khrapunov v. Prosyankin*,
    931 F.3d 922 (9th Cir. 2019) ................................................................................................20

*Palantir Techs., Inc. v. Abramowitz*,
    415 F. Supp. 3d 907 (N.D. Cal. 2019) ..................................................................................22

STATUTES

28 U.S.C. § 1331 .............................................................................................................................2

28 U.S.C. § 1782 ..................................................................................................................... passim

OTHER AUTHORITIES

Fed. R. Civ. P. 26(b)(1)..................................................................................................................24

Fed. R. Civ. P. 45(d)(1)..................................................................................................................23

Local Rule 3-5(a) ..............................................................................................................................2

Local Rule 3-5(b) ..............................................................................................................................2

Trade Secrets Regulations 2018.........................................................................................1, 17, 18

**TABLE OF CONTENTS**

Page

EX PARTE APPLICATION UNDER 28 U.S.C. § 1782 FOR LEAVE TO SERVE
    SUBPOENAS ........................................................................................................1
MEMORANDUM OF LAW IN SUPPORT ................................................................2
I.      JURISDICTIONAL STATEMENT ...............................................................2
II.     STATEMENT OF THE ISSUES TO BE DECIDED...................................2
III.    BACKGROUND ..............................................................................................2
      A.     APPLICANT........................................................................................2
      B.     RESPONDENTS ................................................................................3
            1.     Shifeng Li and Hemanth Kanekal...............................................4
            2.     Complete Genomics......................................................................4
            3.     Innomics and MGI Americas ......................................................5
      C.     THE CONTRACTS .............................................................................7
      D.     THE '656 PATENT APPLICATION ...............................................12
      E.     OTHER RELATED BGI PATENT APPLICATION...........................12
      F.     THE SEQUENCER PRODUCT.........................................................13
      G.    THE ANTICIPATED ENGLISH ACTION ....................................15
IV.    ARGUMENT ..................................................................................................18
      A.     OXFORD NANOPORE SATISFIES THE STATUTORY
           REQUIREMENTS UNDER § 1782. ...............................................18
            1.     Shifeng Li, Hemanth Kanekal, Complete Genomics, Innomics, and
                 MGI Americas are Found in this District. ...................................19
            2.     The Discovery Sought is for Use in a Proceeding in a Foreign
                 Tribunal.......................................................................................19
            3.     Oxford Nanopore is an "Interested Person."................................21
      B.     THE DISCRETIONARY INTEL FACTORS FAVOR THE
           APPLICATION. ..............................................................................21
             1.     None of the Respondents Will Be Participants in The Anticipated
                 English Action. ............................................................................21
            2.     UK Courts are Receptive to Section 1782 Discovery...............................22
            3.     There is No Circumvention of Foreign Discovery Procedure. .................23
            4.     The Requests are Narrowly Tailored and Not Unduly Burdensome. ........23
V.      CONCLUSION...............................................................................................24

## Ex Parte Application Under 28 U.S.C. § 1782 for Leave to Serve Subpoenas

This is an *ex parte* application ("Application") under 28 U.S.C. § 1782 for leave to serve subpoenas on Shifeng Li, Hemanth Kanekal, Complete Genomics, Inc. ("Complete Genomics"), Innomics Inc.[1] ("Innomics"), and MGI Americas, Inc. (together "Respondents"). Oxford Nanopore Technologies plc ("Oxford Nanopore") anticipates bringing, *inter alia*, claims for breach of contractual obligations, claims for breach of common law obligations of confidence, breach of duties under the Trade Secrets (enforcement etc.) Regulations 2018, and a claim to a license of certain patents in England (the "Anticipated English Action"). Oxford Nanopore and BGI[2] entered into a contractual relationship that allowed certain individuals at BGI—and only those individuals—restricted access to Oxford Nanopore's sequencing technologies, after BGI made assurances that it was not planning to develop its own nanopore based sequencing technology. (*See* Pyclik Decl. Ex. AN). Oxford Nanopore has evidence suggesting that BGI breached its obligations to Oxford Nanopore, and breached its statutory duties, by providing Oxford Nanopore's highly confidential sequencing technologies to BGI subsidiaries, including Complete Genomics. It appears that BGI further failed to abide by its contractual promise not to develop and sell a competing nanopore based sequencing technology by developing its own nanopore sequencer product, the Cyclone SEQ WuTong02. And BGI commercialized the Cyclone SEQ WuTong02, in breach of BGI's agreement that it would limit its use of a Nanopore Extension (as defined in February 5, 2019 Device Purchase Terms and Conditions, cl. 2.3.4 (Pyclik Decl. Ex. A at 11)) to Research Use only. Further, Oxford Nanopore seeks to assert its rights to a license to any inventions derived from its proprietary information. Accordingly, Oxford Nanopore anticipates seeking relief in England, that being the governing law and jurisdiction of the applicable contracts. By way of this Application, Oxford Nanopore seeks leave to serve subpoenas on the Respondents to obtain documents and testimony for use in the Anticipated English Action. *See* 28 U.S.C. § 1782.

Each of the Respondents has evidence that is highly relevant to the Anticipated English

---

[1] In 2023, BGI Americas Corp. changed its name to Innomics Inc. (Pyclik Decl. Ex. B).

[2] "BGI" is defined *infra* in Section III (B).

1  Action. All Respondents are found in this District. All of the factors that inform a court's discretion

2  under § 1782 favor approval of this Application. *See Intel Corp. v. Advanced Micro Devices, Inc.,*

3  542 U.S. 241, 264–65 (2004).  This Application is supported by the Declaration of Emily Pyclik,

4  United States counsel to Oxford Nanopore, (the "Pyclik Decl."), the Declaration of Neil Coulson,

5  counsel to Oxford Nanopore in the Anticipated English Action (the "Coulson Decl."), the

6  Declaration of James White, a Senior Director at Oxford Nanopore and scientist (the "White

7  Decl."), and the Declaration of Spike Willcocks, Chief Strategy Officer at Oxford Nanopore (the

8  "Willcocks Decl."). What follows is a Memorandum of Law in Support.

9  **<u>Memorandum of Law in Support</u>**

10  **I.    JURISDICTIONAL STATEMENT**

11        **Jurisdiction:** Pursuant to Local Rule 3-5(a), this Court has jurisdiction over this matter

12  pursuant to 28 U.S.C. §§ 1331 and 1782.

13        **Divisional Assignment:** Pursuant to Local Rule 3-5(b), this matter is properly brought in

14  the San Jose Division because Complete Genomics and MGI Americas are headquartered in Santa

15  Clara, California, and Innomics also conducts business in Santa Clara County, California. Shifeng

16  Li and Hemanth Kanekal similarly reside within this Division.

17  **II.   STATEMENT OF THE ISSUES TO BE DECIDED**

18        Whether the Court should grant this Application and authorize Oxford Nanopore to serve

19  subpoenas on Shifeng Li, Hemanth Kanekal, Complete Genomics, Innomics, and MGI Americas.

20  **III.  BACKGROUND**

21        **A.   *Applicant***

22        The applicant is Oxford Nanopore, a United Kingdom company founded in 2005 as a spin-

23  out from the University of Oxford, now listed on the UK stock market. Oxford Nanopore

24  developed a disruptive, electronic, single-molecule sensing system based on nanopore sequencing

25  science. Oxford Nanopore's technology involves passing a DNA molecule through a nanoscale

26  pore structure and then measuring changes in electrical field surrounding the pore. Oxford

27  Nanopore has revolutionized the DNA/RNA sequencing field by introducing a new generation of

28  sequencing technology that uses a miniaturized device which provides rich data and is fast,

2

accessible, inexpensive, and easy to use. The device is powerful enough to sequence the whole human genome, and can sequence diseases like Ebola, Zika, and COVID-19. Whole-genome sequencing has been instrumental in many research areas, from identifying novel disease-associated variation in humans, plants, and animals, to tracking microbial outbreaks.

### B.    *Respondents*

Respondents are formerly or currently employed by, owned by, or affiliated with BGI Tech Solutions Co., Ltd ("BGI Tech"), Beijing Genomics Institute at Shenzhen ("BGI Shenzhen"), and/or BGI Group (collectively, "BGI"), competitors of Oxford Nanopore, based in the People's Republic of China. The United States Government has added multiple subsidiaries of BGI to a trade blacklist over allegations it conducted genetic surveillance activities, including collecting and analyzing data from women world-wide who used BGI neo-natal products and providing that data to the Chinese military, among other allegations.[3] The list "identifies entities for which there is reasonable cause to believe, based on specific and articulable facts, that the entities have been involved, are involved, or pose a significant risk of being or becoming involved in activities contrary to the national security or foreign policy interests of the United States." (*Id.*). Given the overlap between Oxford Nanopore's breach of confidentiality claims described herein and the United States Government's allegations, the United States Government's blacklisting of BGI is circumstantial evidence of BGI's wrongdoing.

Using Oxford Nanopore's misappropriated technology, BGI, MGI Holdings Co., Limited ("MGI Holdings"), and/or MGI Tech Co., Ltd. ("MGI") (whether acting alone or acting in concert) were able to overcome a plethora of complex challenges in developing a commercial nanopore sequencer product, which is now being marketed as the Cyclone SEQ WuTong02 Sequencer (the "Sequencer Product"). (*See* White Decl. ¶¶ 22-28). Indeed, many large companies in the United States and abroad, including Roche Diagnostics, Pacific Biosciences, and others, have been attempting to develop such a commercial long read nanopore sequencing product for years to no avail. (*Id.*). BGI, MGI Holdings, and/or MGI (whether acting alone or acting in concert) could not

---

[3] (Pyclik Decl. Exs. D, E).

have developed a commercially viable Sequencer Product and all the associated technical documents without breaching BGI's contractual obligations and common law and/or statutory obligations of confidence owed to Oxford Nanopore. (*Id.*). As explained below, each of the Respondents is very likely to have information in their possession, custody, or control relevant to the Anticipated English Action.

### 1. Shifeng Li and Hemanth Kanekal

Shifeng Li and Hemanth Kanekal are two of the four California-based inventors listed on U.S. Patent Application No. 17/922,656 (publication No. US2023/0092634), titled "System and Apparatus for Nanopore Single Molecule Sequencing" (the "'656 Patent Application"). (Pyclik Decl. Ex. F). Moreover, Shifeng Li is a named inventor on at least one patent application assigned to MGI Tech Co., Ltd. (and that was previously assigned to Complete Genomics). (Pyclik Decl. Ex. G). Shifeng Li used to be the Director of Advanced Engineering at BGI subsidiary Complete Genomics, and his LinkedIn profile makes no reference to being employed by either applicant of the '656 Patent Application. (Pyclik Decl. Ex. F). This suggests that the entities operate as an integrated whole.

Because these individuals are named inventors on the '656 Patent Application, the named inventors are likely to have discoverable information showing that they received Oxford Nanopore's product and confidential information from BGI.

### 2. Complete Genomics

Complete Genomics was acquired in 2013 by BGI Shenzhen and later became part of MGI, which is "dedicated to developing, manufacturing and distributing instruments, reagents and devices/assays" as part of BGI Group. (Pyclik Decl. Exs. I, J). MGI's website states that its "focus lies in research & development, manufacturing, and sales of instruments, reagents, and related products in the field of life science and biotechnology" to serve "medicine, agriculture, healthcare and various other industries." (Pyclik Decl. Ex. K).

BGI also describes its "San Jose Innovation Center" Complete Genomics as a location for "sequencing application development," and a location "for developing next-generation sequencers and applications for academia, clinical, and consumer markets." (Pyclik Decl. Ex. L at 20). The

Cyclone SEQ WuTong02 Sequencer, a nanopore sequencer, is such a next-generation sequencer.

The Complete Genomics website[4] states that "Complete Genomics based in San Jose, California, has been a research and development center of excellence since June 2005." (Pyclik Decl. Ex. M at 3). Complete Genomics claims to focus on "the unlimited potential of genomic sequencing for research, healthcare, and industrial applications" by developing and manufacturing "a full spectrum of instruments, ranging from low to extra-high throughput genetic sequencers.".

Shifeng Li is a named inventor on patent applications assigned to Complete Genomics and MGI Tech Co., Ltd. (Pyclik Decl. Ex. G). Shifeng Li used to be the Director of Advanced Engineering at Complete Genomics, and his LinkedIn profile makes no reference to being employed by either applicant of the '656 Patent Application on which he is listed as an inventor. (Pyclik Decl. Ex. H). This suggests that the entities operate as an integrated whole.

Oxford Nanopore has information that strongly suggests that BGI's Sequencer Product was tested and developed by Complete Genomics in this District using Oxford Nanopore's confidential technology and that the development of the Sequencer Product, which competes with Oxford Nanopore's technology, was developed in violation of the just for Research Use provisions of the contracts between Oxford Nanopore and BGI. *See supra* § III (C). It is therefore highly likely that Complete Genomics will have information and documents relevant to Oxford Nanopore's Anticipated English Action.

### 3. Innomics and MGI Americas

Innomics (the U.S. affiliate of BGI) and MGI Americas (the U.S. affiliate of MGI) are also highly likely to have relevant evidence. Innomics and MGI Americas are sales and marketing arms of BGI, and Innomics performs research and development. They share an office with Complete Genomics in San Jose. The publicly available CVs of certain employees suggest they either currently work or have worked for a BGI entity. (Pyclik Decl. Exs. N, O & P). All of this suggests that the entities operate as an integrated whole.

MGI Americas, with its parent MGI, claims to be "a leading producer of clinical high-

---

[4] https://www.completegenomics.com/

throughput gene sequencers and automation platforms with a vision to lead life science through Intelligent innovation." (Pyclik Decl. Ex. Q at 1). NGS stands for "next generation sequencing." MGI's website states: "We provide real-time, multi-omics, and full spectrum of digital equipment and systems for precision medicine, agriculture, healthcare, and various other industries." (Pyclik Decl. Ex. K). MGI Americas is therefore likely involved in the research, development and marketing of the stolen Sequencer Product. (*Id.*). MGI Americas' former field service engineer, Abigail Frank, states that she "automated NGS library preparation and extraction assays for customers" and "acted as the sole service engineer of all MGI instrumentation in North and South America through March 2020." (Pyclik Decl. Ex. R). MGI Americas also advertises, offers to sell, provides service and support, and disseminates literature on its website on its BGI/MGI Sequencing Devices. (Pyclik Decl. Ex. S).

Innomics has its "West Coast Innovation Center" in San Jose, California, where it conducts research. (Pyclik Decl. Ex. T). It recently announced the expansion of that facility. (Pyclik Decl. Ex. U). Innomics is involved in the research and development of BGI's NGS technologies at its San Jose, California facility.

Figures 2A and 2B of the '656 Patent Application—assigned to MGI Holdings and listing the two U.S. based Respondents as inventors—are images of actual sensors, and the following paragraph shows that sensors have been used to generate experimental results to provide "meaningful data."

> The inventors observed that the likelihood of the sensors captured single biological material, such as nanopore protein and motor protein etc., in the sensor chip of the flow cell in a given time duration is about 33 percent, i.e., the occupancy of the sensors is about one third based on the Poisson distribution model. That is, experimental results show that about one third of the total sensors provide meaningful data. The inventors concluded that, by readout the sensors in a group of four, a reasonable amount of data could be collected from the flow cell and suggested to readout the sensors in a group of four. Accordingly, in accordance with the present disclosure, each of the amplifier clusters includes four differential amplifiers. It is understood that the number of sensors can be any integer number. In the example shown in FIG. 4, 4096 sensors are used. But it is understood that the number is arbitrary chosen for describing the example embodiment and should not be limiting.

('656 Patent Application, [0063]; Pyclik Decl. Ex. F). It is implausible that the named inventors

could have done this testing without using Oxford Nanopore's highly confidential sequencing technologies. (*See* White Decl. ¶¶ 22-28). The named inventors were not parties to the contracts between Oxford Nanopore and BGI Tech and were not permitted to use Oxford Nanopore's sequencing technologies for their testing. Accordingly, it is evident the inventors listed in the '656 Patent Application had access to Oxford Nanopore's confidential information and were able to perform unauthorized testing using Oxford Nanopore's proprietary and confidential information and product.

These sources strongly suggest that BGI's Sequencer Product was developed and designed by Innomics and MGI Americas in this District using Oxford Nanopore's technology, and Innomics will therefore have information and documents relevant to Oxford Nanopore's Anticipated English Action.

### C.   *The Contracts*

Oxford Nanopore and BGI entered into a contractual relationship so that a specific and restricted list of BGI personnel could access Oxford Nanopore's proprietary nanopore sequencing technology under strict confines. The foregoing lists of exhibits and the contracts remain in force (the "Contracts"):

- Exhibit A of Addendum #1 dated August 17, 2017, between Oxford Nanopore and BGI Tech (Pyclik Decl. Ex. V), including the Contracts set out in Exhibit A of Addendum #1, dated August 17, 2017:

    o  Nanopore Community Terms and Conditions (Pyclik Decl. Ex. W);

    o  GridION Agreement (Pyclik Decl. Ex. X);

    o  Nanopore Product Terms and Conditions (Pyclik Decl. Exs. Y and AF);

    o  Metrichor Terms of Use (Pyclik Decl. Ex. Z); and

    o  MinKnow/Metrichor Epi2me Agent EULA (Pyclik Decl. Ex. AA).

- Exhibit A of Addendum #1, dated November 28, 2018, between Oxford Nanopore and BGI Shenzhen (Pyclik Decl. Ex. AB), including the Contracts set out in Exhibit A of Addendum #1 dated November 28, 2018:

    o  Nanopore Product Terms and Conditions (Pyclik Decl. Exs. Y and AF);

    o  Device Purchase Terms and Conditions (Pyclik Decl. Ex. A); and

o   Metrichor Terms of Use (Pyclik Decl. Ex. Z).

Oxford Nanopore and BGI entered into the above Contracts, where Oxford Nanopore supplied BGI with certain Goods[5] & Software[6] pursuant to Oxford Nanopore's Terms and Conditions. (*See* Pyclik Decl. Exs. A, V–AB). Per these Terms and Conditions, BGI's use was restricted only to Permitted Persons, as listed in the Contracts. (*See* Pyclik Decl. Ex. AB, cl. 2; Ex. V, cl. 2). The Contracts further limited the distribution or transfer to third parties. (*See* Pyclik Decl. Ex. AA, cl. 2.4). BGI further agreed not to infringe Oxford Nanopore's intellectual property. (*See* Pyclik Decl. Ex. A, cl. 4.3). BGI also agreed to return the Goods to Oxford Nanopore. (*See id.*, cl. 2.5, 3.8.5, and 6.3). BGI further agreed that Oxford Nanopore was entitled to the grant of a license to any works derived from Oxford's proprietary information.  (*See* Pyclik Decl. Ex. A, cl. 4.2; Ex. X, cl. 4.2; and Ex. W, cl. 10.2). And BGI agreed to a breach of confidence provision, where BGI agreed not to disclose Oxford Nanopore's confidential and proprietary information. (*See* Pyclik Decl. Exhibit A, cl. 5.4). For example, BGI, the "Customer" in the Contracts, agreed as follows:

5.4 Confidential and Proprietary Information.

5.4.1.  Customer agrees not to disclose to third parties and to use Customer's best efforts to keep confidential at all times all Oxford Confidential Information Customer receives from any member of the Oxford Group. Customer agrees not to use Oxford Confidential Information other than for the purposes contemplated by this Agreement. Customer acknowledges and agrees that, unless otherwise specifically provided herein or agreed by Oxford in writing, the Goods and Software, including the specific design and structure of individual components, provided to Customer by any member of the Oxford Group constitute confidential

---

[5] "Goods" has the meaning ascribed to it under the Contracts, *i.e.*, collectively, the Hardware (*i.e.*, the MinION, the PromethION, the GridION, the MinIT, and VolTRAX or any other device made available by Oxford Nanopore under the Contracts), the Flow Cells (*i.e.*, the flow cells with pre-loaded nanopores, membranes that hold the nanopores and electrochemistry on a chip surface, designed for the applicable Hardware) and Consumables (*i.e.*, the Wash Kit, Sequencing Kit and other chemicals and materials available from Oxford Nanopore and used to run samples in the quantity appropriate for Customer's use).

[6] "Software" has the meaning ascribed to it under the Contracts, *i.e.*, any code made available to Customer in connection with the Hardware, including, without limitation, the MinKNOW software, the Metrichor Agent software, the Epi2me Agent software, and the Base Caller software, whether pre-loaded on the Device, embedded in the Hardware or provided separately, and related documentation.

proprietary information and trade secrets of Oxford. Customer agrees not to transfer, copy, disclose, provide or otherwise make available Oxford Confidential Information to any third party, except in the provision Third Party Research Services using the Goods and Software in accordance with the terms of this Agreement or as permitted under Section 2.6 with respect to GridION and PromethION, without the prior written consent of Oxford.

5.4.2. Customer agrees to use best efforts to maintain the security of the Oxford Confidential Information provided to Customer by any member of the Oxford Group.

(Pyclik Decl. Ex. A, cl. 5.4).

BGI further agreed not to use Oxford's Goods for developing a competing product. For example, BGI agreed to the following provisions:

4.2. Limited Use of Flow Cells: You acknowledge that . . . [o]ther than the uses described in 4.10, the Goods may not be used for the development of any product or service that competes or could compete with the products or services of Oxford Nanopore.

(Pyclik Decl. Ex. W, cl. 4.2).

4.10. Nanopore Extensions: . . . You may not analyse, modify or reverse engineer these components, but may develop and use alternative versions. . . . You are encouraged to develop and use: (i) new application protocols, (ii) sample preparation methods, (iii) data analysis tools, such as, software written to APIs (application programming interfaces) published by Oxford Nanopore (but not the Software itself) and/or (iv) new uses of the Goods ("Nanopore Extensions"). Your right to create and use Nanopore Extensions and Nanopore Chemistries is conditioned on Your compliance with the Nanopore Extension Requirements. . . . [T]he Nanopore Extension or Nanopore Chemistry may not be disclosed to or used by any of Oxford Nanopore's Competitors and You may not authorize any of Oxford Nanopore's Competitors to use the Nanopore Extension or Nanopore Chemistry . . . [T]he Goods may not be used for the development of any other product or service that competes or could compete with the products or services of Oxford Nanopore.

(Pyclik Decl. Ex. W, cl. 4.10; *see also* Ex. AF, cl. 2.2.4).

2.3.1. Use Restrictions: The Goods shall not be used (i) by any Person that is, or is affiliated with, a current or potential competitor of the Oxford Group; (ii) on behalf of or for the benefit of any such competitor; (iii) for the development of any other product or service that competes or could compete with the products or services of the Oxford Group (except to the extent applicable laws specifically prohibit such restriction) or (iv) for monitoring, benchmarking or other competitive purposes.

(Pyclik Decl. Ex. X, cl. 2.3.1).

> 3.2 Use Restrictions. The Website may not be accessed or used (i) by any Person that is, or is affiliated with, a current or potential competitor of any member of the Oxford Group; (ii) on behalf of or for the benefit of any such competitor; (iii) for the development of any other product or service that competes or could compete with the products or services of any member of the Oxford Group or (iv) for monitoring, benchmarking or other competitive purposes.

(Pyclik Decl. Ex. Z, cl. 3.2).

> 2.2 The Goods or Software shall not be used (i) by any Person that is, or is affiliated with, a current or potential competitor of the Oxford Group; (ii) on behalf of or for the benefit of any such competitor; (iii) for the development of any other product or service that competes or could compete with the products or services of the Oxford Group (except to the extent applicable laws specifically prohibit such restriction) or (iv) for monitoring, benchmarking or other competitive purposes.

(Pyclik Decl. Ex. AA, cl. 2.2).

> 2.3.4. Nanopore Extensions. . . . Customer may not analyse, modify or reverse engineer these components, but may develop and use alternative versions. . . . Customer is encouraged to develop and use: (a) new application protocols, (b) sample preparation methods, (c) data analysis tools, such as, software written to APIs (application programming interfaces) published by Oxford (but not the Software itself) and/or (d) new uses of the Goods or Software ("Nanopore Extensions"). . . . [T]he Nanopore Extension or Nanopore Chemistry may not be disclosed to or used by any of Oxford's competitors and Customer may not authorise any of Oxford's competitors to use the Nanopore Extension or Nanopore Chemistry.

(Pyclik Decl. Ex. A, cl. 2.3.4).

BGI also agreed not to use the Goods for anything other than Research Use in the following provisions:

> 10.3. Disclose Inventions: . . . Your use of any inventions, discoveries, Intellectual Property Rights and other proprietary interests in modifications, enhancements, derivative works, or improvements You make with respect to the Goods or as a result of using the Goods excluding any inventions with respect to Biological Data shall be for Research Use only.

(Pyclik Decl. Ex. W, cl. 10.3).

> 2.3.2. Research Use Only. Licenses granted hereunder are solely for Customer's Research Use. "Research Use" means use for internal research . . . and specifically excludes any act by Customer, or if permitted by Customer, a third party to . . . use the Goods for a clinical, diagnostic, Commercial or other non-research purpose; . . . modify or create any derivative works of the Goods; . . . reverse engineer, decompile, disassemble or otherwise attempt to derive the composition of the Goods.

(Pyclik Decl. Ex. X, cl. 2.3.2; *see also* Pyclik Decl. Ex. Y, cl. 2.2.2; Pyclik Decl. Ex. AF, cl. 2.2.2;

Ex. AA, cl. 2.3; A, cl. 2.3.2).

> 4.6.  Grant of License to Software: . . . Except as otherwise expressly stated in this Section 4.6, this Software License does not give Customer the right to use the Software to provide services for any third party that are not Research Use.

(Pyclik Decl. Ex. A, cl. 4.6).

BGI further agreed that Oxford Nanopore was entitled to a license to works derived from Oxford Nanopore's proprietary information ("Feedback") in the following provisions:

> 10.2. **Feedback:** . . . You hereby grant Oxford Nanopore a worldwide, limited exclusive, perpetual, irrevocable, royalty free, fully paid up right and license to use, copy, modify, sell, distribute, sub-license, and create derivative works using such Feedback that is an improvement to or derivative work of the Goods and the Software ("Derivatives") and a non-exclusive, perpetual, irrevocable, royalty free, fully paid up right and license to use, copy, modify, sell, distribute, sub-license, and create derivate works using any other Feedback.

(Pyclik Decl. Ex. W, cl. 10.2 ).

> 4.2.  Grant of License in Feedback: Customer hereby grants Oxford a worldwide, non-exclusive, perpetual, irrevocable, royalty free, fully paid up right and license to use, copy, modify, sell, publish, distribute, sub-license and create derivative works using suggestions, comments and feedback regarding the Oxford Proprietary Information and any content Customer may add to Oxford's Resources and Support website (collectively, "Feedback") in any manner and for any purpose.

(Pyclik Decl. Ex. X, cl. 4.2; Pyclik Decl. Ex. Y, cl. 4.2; Pyclik Decl. Ex. AF, cl. 4.2).

> 5.5.  Feedback License: Customer hereby grants the Oxford Group a worldwide, non-exclusive, perpetual, irrevocable, royalty free, fully paid up right and license to use, copy, modify, sell, publish, distribute, sub-license and create derivative works using suggestions, comments, feedback, modifications to or derivative works of Oxford Proprietary Information and any content Customer may add to the Oxford Group's Resources and Support website (collectively, "Feedback") in any manner and for any purpose. The Oxford Group may, in its sole discretion, and without compensation to or attribution of Customer or any third party, use Feedback Customer provides in any way. Customer warrants that Customer's Feedback is not subject to any license terms that would purport to require the Oxford Group to comply with any additional obligations with respect to any products that incorporate any Feedback. With respect to any Customer that is a U.S. government entity, the foregoing right and license shall be construed as a non-exclusive permission and shall apply only to the extent permitted under applicable U.S. federal law.

(Pyclik Decl. Ex. AA, cl. 5.5).

And BGI agreed that Oxford's use of Nanopore Chemistries and MinION/Nanopore

Extensions could not be conditioned on the payment of a fee (or consideration) in the following provisions:

> use of the MinION Extension and Nanopore chemistry may not be conditioned on payment of a license fee (or consideration) for use of the same.

(*See* Pyclik Exs. AG-AH, cl. 4.10(C); Ex. AF, cl. 2.2.4).

### D.     *The '656 Patent Application*

BGI and MGI have applied for at least one patent relating to nanopore sequencing technologies that likely includes Oxford Nanopore's confidential proprietary information. MGI Holdings and BGI Shenzhen filed the '656 Patent Application (Pyclik Decl. Ex. F). The following inventors are listed in the '656 Patent Application, none of whom are Oxford Nanopore employees and none of whom are Permitted Persons under the Contracts: (1) Shifeng Li, Fremont, CA (United States); (2) Hemanth Kanekal, San Jose, CA (United States); (3) Yuning Zhang, Shenzhen (China); and (4) Quanxin Yun, Shenzhen (China). (*Id.*).

### E.     *Other Related BGI Patent Application*

In addition to the '656 Patent Application, BGI applied for a patent that listed both Permitted and Nonpermitted Persons as inventors ("Related Application by Permitted and Nonpermitted Persons"). The following is a description of that Related Application by Permitted and Nonpermitted Persons, filed ***after*** Oxford Nanopore disclosed its confidential technologies to BGI:

| Related Application by Permitted and Nonpermitted Persons | | | | |
|---|---|---|---|---|
| **EXHIBIT #** | **FILING DATE AND CLAIMED PRIORITY DATES** (AND WHICH APPLICATION PRIORITY IS CLAIMED TO) | **PATENT OR PUBLICATION NUMBER** | **APPLICANT(S) AND CURRENT ASSIGNEES** | **NAMES AND LOCATIONS OF INVENTORS (FROM FACE OF PATENT/ APPLICATION)** **\* INDICATES PERMITTED PERSON** |
| AE | September 20, 2019 | WO2021/051378 | WUHAN BGI CLINICAL LABORATORY CO., LTD. | 1.  Zhou, Rongfang* (Hubei, CN) <br> 2.  Huang, Biao* (Hubei, CN) <br> 3.  Liu, Chen* (Hubei, CN) |

|  |  |  |  | 4.  Zhou, Yanqiu* (Hubei, CN)<br>5.  Huang, Jin (Hubei, CN)<br>6.  Tian, Zhijian (Hubei, CN) |
|---|---|---|---|---|

### F.    *The Sequencer Product*

BGI has indicated in presentations that it has developed and is actively commercializing a copy-cat commercial Sequencer Product, the Cyclone SEQ WuTong02 Sequencer. (*See* White Decl. ¶¶ 22-28). The following photos of BGI's Sequencer Product were included in a BGI presentation dated January 2024:



CycloneSEQ WuTong02 medium-
throughput long-read sequencer

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16
17
18
19
20
21
22



23
24
25

(*Id.*). Further, as part of a public presentation, BGI shared another image of the Sequencer Product, which shows the flow cell and graphical user interface:

26
27
28

OXFORD NANOPORE APPL. FOR DISCOVERY ORDER                              CASE NO. 24-MC-80227
MEMORANDUM OF LAW IN SUPPORT



(*Id.*)

And the following is an image of the Sequencer Product on social media:

(*Id.*; *see also* Pyclik Decl. Ex. C).

These images demonstrate blatant misuse of Oxford Nanopore's confidential technology. (*Id.*).  BGI has now publicly announced a global launch of its Sequencer Product. (Pyclik Decl. Exs. AC-AD.).

**G.     *THE ANTICIPATED ENGLISH ACTION***

Oxford Nanopore and BGI's relationship dates back several years to around 2011, when BGI and Oxford Nanopore first engaged to discuss Oxford Nanopore's nanopore-based

OXFORD NANOPORE APPL. FOR DISCOVERY ORDER
MEMORANDUM OF LAW IN SUPPORT

CASE NO. 24-MC-80227

technology, which was of great interest to BGI. (Willcocks Decl. ¶ 4). When Oxford Nanopore launched their first product in June 2014, BGI applied to participate in Oxford Nanopore's MinION Access Programme ("MAP"), which gave BGI access to Oxford Nanopore's USB-attached miniature sequencing device, the MinION, under certain terms and conditions. (*Id.*). However, earlier, in 2013, BGI had acquired Complete Genomics, a company that had intended to make and sell DNA sequencing systems, which would have made BGI a Competitor (as defined in the MAP Terms and Conditions), and therefore ineligible to take part in the MAP.  (*Id.; see also* Pyclik Decl. Exs. AG, cl. 1.2 and AH, cl. 1.2). But after discussions between the parties, Oxford Nanopore understood that BGI and Complete Genomics were, at the time, only intending to offer DNA sequencing as a service business and not developing or producing sequencing products for sale. (*Id.*). Oxford Nanopore therefore permitted BGI to take part in the MAP. (*Id.*). As part of BGI's participation, Oxford Nanopore supplied BGI Americas with its MinION sequencer product.  (*Id.*).

By July 2014, notwithstanding its supply of its MinION product, Oxford Nanopore was becoming increasingly concerned as to BGI's intentions with suggestions that BGI's was in fact working on a sequencing device to be sold as a product.  (*Id.* at ¶ 5). Further discussions between the parties confirmed that, in fact, BGI was working on a large-scale sequencer. (*Id.*). However, the parties agreed that Oxford Nanopore would waive the Competitor restriction in the MAP terms and in return BGI would ensure that only named individuals would have access to Oxford Nanopore's device having individually agreed to the MAP Terms and Conditions, and the device would not be transported from its delivery location in California. (*Id.*).

In January 2015, BGI announced its plans to launch two different sequencing devices, one being a desktop machine more closely aligned with the MinION. (*Id.* at ¶ 6). As a result, Oxford Nanopore felt BGI's participation in the MAP Programme was no longer tenable and requested return of the MinION sequencer product and flow cells supplied to BGI.  BGI did not return these goods. (*Id.*).

Despite the assurances provided by BGI that the MinION product would not be used to create a nanopore-based technology, it is apparent from BGI's product development and launch,

marketing activities, and disclosures in BGI's subsequently published patent applications, that BGI did just that. (*Id.* at ¶ 7).

Notwithstanding the termination of BGI's participation in the MAP, BGI and Oxford Nanopore remained in contact and there were ongoing discussions about the purchase of sequencer products from Oxford Nanopore as desired by BGI, on the basis that BGI had a large research division that might benefit from the uniqueness of nanopore-based sequencing. (*Id.* at ¶ 8). These discussions led to further contractual arrangements that limited who had access to Oxford Nanopore's devices and information.  (*Id.*). Oxford Nanopore later learned that the people leading discussions for BGI were named as inventors on BGI patents and patent applications filed between 2014 and 2021, after the parties entered into contracts. (*Id.*).

Unfortunately, it appears that BGI did not honor the terms of the parties' Contracts or its statutory duties.

First, BGI likely improperly shared Oxford Nanopore's confidential information and Oxford Nanopore's Goods & Software with non-Permitted Persons, including individuals at MGI Holdings and BGI Shenzhen, in breach of its contractual obligations and in breach of BGI's common law and/or statutory duties under the Trade Secrets Regulations 2018. BGI has likely divulged Nanopore's Confidential Proprietary Information to Permitted Persons who are— contrary to BGI's representation—persons involved in the research, development, testing, production, commercialization, sales, support, maintenance and/or marketing of BGI's sequencing products.

Second, MGI Holdings and BGI Shenzhen (with other MGI and BGI entities) developed their own Sequencer Product, in breach of BGI's agreement not to use the nanopore sequencing product and/or the confidential proprietary information for developing and selling a competing product.

Third, MGI Holdings and BGI Shenzhen (with other MGI and BGI entities) commercialized a Sequencer Product, in breach of BGI's agreement that it would limit its use to Research Use only.

Fourth, using Oxford Nanopore's confidential information, MGI Holdings and BGI

Shenzhen (with other MGI and BGI entities) appear to have developed, tested, and commercialized the competing nanopore Sequencer Product using both Permitted and Nonpermitted Persons and further disclosed the product to others.

Fifth, MGI Holdings, BGI Shenzhen, and Wuhan BGI Clinical Laboratory Co., Ltd. applied for patent applications on this technology, including the '656 Application and the related application naming Permitted and Nonpermitted Persons as inventors that show the applicants (1) used Oxford Nanopore's devices or/or (2) used a BGI device that was developed using Oxford Nanopore's devices.

Sixth, per the terms of the Contracts, Oxford Nanopore is entitled to a license to use any suggestions, comments or feedback received from BGI in relation to Oxford Nanopore's Confidential Proprietary Information[7] and/or a license to suggestions, comments, feedback regarding modifications or improvements to, enhancements or derivative works of Oxford Nanopore's Confidential Proprietary Information.[8]

The above activities were in violation of terms of the parties' Contracts, in breach of the common law duty of confidence, and/or in breach of BGI's statutory duties under the Trade Secrets (Enforcement etc.) Regulations 2018.

With this application, Oxford Nanopore seeks leave to serve document and deposition subpoenas on Shifeng Li, Hemanth Kanekal, Complete Genomics, Innomics, and MGI Americas. Oxford Nanopore seeks discovery relevant to show that Respondents received Oxford Nanopore's product and confidential information from BGI and used same in contravention to the Terms and Conditions of Oxford's Agreements with BGI.

## IV.  ARGUMENT

### A.  *OXFORD NANOPORE SATISFIES THE STATUTORY REQUIREMENTS UNDER § 1782.*

A party seeking leave to take discovery under 28 U.S.C. § 1782 must make three threshold showings. First, it must show that the person from whom the discovery is to be taken "resides" or

---

[7]     (Pyclik Decl. Ex. W, cl. 10.2; Ex. X, cl. 4.2; Ex. Y, cl. 4.2; Ex. AF, cl. 4.2; Ex. AA, cl. 5.5; Ex. A, cl. 4.2).
[8]     (Pyclik Decl. Ex. Y, cl. 4.2; Ex. AF, cl. 4.2).

is "found" in the judicial district where the application is brought. 28 U.S.C. § 1782(a). Second, the discovery must be "for use in a proceeding in a foreign or international tribunal." *Id*. Third, the applicant must be an "interested person." (*Id*.). This Application easily satisfies all three requirements.

### 1. Shifeng Li, Hemanth Kanekal, Complete Genomics, Innomics, and MGI Americas are Found in this District.

On BGI's Patent Application, Shifeng Li's address is listed as Fremont, California, and Hemanth Kanekal's address is listed as San Jose, California. (Pyclik Decl. Ex. F). On LinkedIn, Shifeng Li lists himself in the "San Francisco Bay Area" and as working in Pleasanton, California. (Pyclik Decl. Ex. H).

Complete Genomics is a Delaware corporation with its headquarters in San Jose, California, within this district. (Pyclik Decl. Ex. AJ). MGI Americas is also a Delaware corporation with its headquarters in San Jose, California, within this District. (Pyclik Decl. Ex. AK). Innomics is a Delaware corporation which holds itself out as having a research facility in San Jose, California, within this District. (Pyclik Decl. Exs. AL, AM).

A business entity is "found" in the judicial district where it is incorporated or headquartered. *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016); *In re Ontario Principals' Council*, No. 5:13–mc–80237–LHK–PSG, 2013 WL 6073517, at *2 (N.D. Cal. Nov. 8, 2013) (Delaware corporation headquartered in Palo Alto was "found" in the Northern District of California). In addition, the test is also satisfied if the target of the 1782 application has a presence in this District. *In re Super Vitaminas, S. A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (having an office in this District suffice). Thus, there is no question that all Respondents are "found" in this District.

### 2. The Discovery Sought is for Use in a Proceeding in a Foreign Tribunal.

The documents Oxford Nanopore is seeking are intended for use in a foreign proceeding; namely the Anticipated English Action, which Oxford Nanopore anticipates being filed with the High Court of Justice of England and Wales. (Coulson Decl. ¶ 2). Anticipated court actions, including breach of contract actions, plainly satisfy the statutory requirement of a proceeding in a

foreign tribunal. Courts have routinely granted § 1782 applications seeking discovery for use in proceedings in the UK. *See, e.g.*, *In re Credit Suisse Virtuoso SICAV-SIF in Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Fin. Fund*, No. 21-mc-80308-JCS, 2022 WL 1786050 (N.D. Cal. June 1, 2022); *In re Glob. Energy Horizons Corp.*, No. 5:15–mc–80078–PSG, 2015 WL 1325758, at *2 (N.D. Cal. Mar. 24, 2015) ("[A] proceeding before the High Court of Justice in England, United Kingdom . . . is undisputedly a 'proceeding before a foreign or international tribunal[.]'"); *In re Apple Retail UK Ltd.*, No. 20-mc-80109-VKD, 2020 WL 3833392, at *1–2 (N.D. Cal. July 8, 2020) (holding that the High Court of Justice of England and Wales, Chancery Division, Patents Court is a "foreign tribunal"); *In re PJSC Uralkali*, No. C18-1673JLR, 2019 WL 291673, at *1, *3 (W.D. Wash. Jan. 23, 2019) (holding Section 1782's statutory requirements are met in case seeking discovery for use in action pending in the High Court of Justice, Business and Property Courts of England and Wales). In fact, this Court has previously granted a § 1782 application against BGI entities on behalf of a company filing an action in the United Kingdom. *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO (TSH), 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) ("the Court GRANTS Illumina Cambridge Ltd.'s application for leave to serve subpoenas on Complete Genomics, Inc., BGI Americas Corp. and MGI Americas, Inc.") (limited to BGI Americas Corp. by ECF No. 42 (Feb. 19, 2020)).

There is no requirement that a foreign proceeding be pending for Section 1782 discovery to be permissible. Rather, a foreign proceeding need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259; *see also Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) ("So long as a future proceeding is 'within reasonable contemplation,' it satisfies the statute's requirement."). Such is the case here, where Oxford Nanopore has taken a number of steps to prepare for the filing of the Anticipated English Action, including retaining UK counsel and, contemporaneously with this Application, sending a Letter of Claim. (*See* Coulson Decl. ¶¶ 10-13 and Ex. 1); *see also In re Eurasian Nat. Res. Corp.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *1–2 (N.D. Cal. Mar. 30, 2018) (granting Section 1782 discovery for a "reasonably contemplated lawsuit in the United Kingdom" even where petitioner was not sure which specific entity the lawsuit would be filed against); *In re Tovmasyan*, No. 21-353 (RAM), 2021 WL 3737184, at *4

(D.P.R. Aug. 20, 2021) (granting Section 1782 discovery where petitioner had not initiated action but had retained a barrister and served a letter of claim upon the anticipated defendant).

### 3. Oxford Nanopore is an "Interested Person."

A litigant in a foreign civil litigation is an "interested person" for purposes of § 1782. *See Intel*, 542 U.S. at 256–57; *In re Qualcomm Inc.,* No. 18-mc-80104-VKD, 2018 WL 3845882, at *2 (N.D. Cal. Aug. 13, 2018). "Further, § 1782 does not require that a formal proceeding in the foreign jurisdiction is currently pending, or even imminent; rather, a court may permit discovery under Section 1782 so long as a 'dispositive ruling' by the foreign adjudicative body is 'within reasonable contemplation.'" *In re Credit Suisse Virtuoso*, 2022 WL 1786050, at *6; *see also In re Hoteles City Express*, No. 18-mc-80112-JSC, 2018 WL 3417551, at *2 (N.D. Cal. July 13, 2018) (quoting *Intel*, 542 U.S. at 256). Oxford Nanopore, the entity in possession of highly confidential technical information misappropriated by the Respondents in developing a competitive commercial nanoscale DNA sequencing device, will be a plaintiff in the Anticipated English Action. (Coulson Decl. ¶¶ 2, 7, 9-10, 14-16). Therefore, Oxford Nanopore would be an "interested person" for the purposes of the statute.

### B. *THE DISCRETIONARY INTEL FACTORS FAVOR THE APPLICATION.*

This Court should consider four factors in determining whether to grant an application under § 1782: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature and character or the foreign tribunal and the receptivity of the foreign tribunal to United States judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions, and (4) whether the request is unduly intrusive or burdensome. *Intel,* 542 U.S. at 264–65. Together, these factors strongly favor the granting of discovery. None of the discretionary factors militates against discovery.

### 1. None of the Respondents Will Be Participants in The Anticipated English Action.

The Supreme Court has suggested that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"

because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264. "There is, however, no rule that 1782 applications can only be granted where the party from whom discovery is sought is not a party to the foreign proceeding." *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019). Rather, "the key issue is whether the material is obtainable through the foreign proceeding." *In re JSC Com. Bank Privatbank*, No. 21-mc-80216-VKD, 2021 WL 4355334, at *3 (N.D. Cal. Sept. 24, 2021).

The defendants in the Anticipated English Action will be BGI Tech Solutions Co., Ltd, MGI Tech Co., Ltd and Beijing Genomics Institute at Shenzhen. It is not anticipated that the Respondents will be parties to the Anticipated English Action, and Respondents are based outside of England and Wales, favoring approval of the Application. *In re Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-mc-80071-BLF, 2017 WL 4647753, at *4 (N.D. Cal. Oct. 16, 2017). As such, the first *Intel* factor weighs in Petitioner's favor. *See IS Prime Ltd. v. Glassdoor, Inc.*, No. 21-mc-80178-DMR, 2021 WL 5889373, at *3 (N.D. Cal. Dec. 13, 2021) ("Glassdoor is not a party to the English litigation . . . . [t]his factor weighs in favor of the court granting leave to issue the subpoena."); *Glob. Energy Horizons Corp.*, 2015 WL 1325758, at *2 (holding that first Intel factor weighed in favor of granting application where subpoena recipient was "not a company resident in the United Kingdom, and the requested information therefore [did] not appear to be within the immediate reach of the English High Court of Justice").

## 2. UK Courts are Receptive to Section 1782 Discovery.

The second *Intel* factor looks to "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782, courts tend to err on the side of permitting discovery." *In re Takai*, No. 21-mc-80245-TSH, 2021 WL 5205583, at *4 (N.D. Cal. Nov. 9, 2021). This factor weighs in Oxford Nanopore's favor because it is well-established that English courts are receptive to discovery obtained via Section 1782. *See, e.g., JSC Com. Bank Privatbank*, 2021 WL 4355334, at *4 ("English courts have been

22

receptive to discovery obtained by means of a § 1782 application."); *Glob. Energy Horizons Corp.*, 2015 WL 1325758, at *2 ("There is no authority suggesting the English government would be hostile to or otherwise reject discovery obtained through a Section 1782 subpoena."); *In re PJSC Uralkali*, 2019 WL 291673, at *5 ("The court . . . presumes that the English Court would be receptive to relevant evidence [petitioner] may obtain through § 1782."); *In re Nat'l Bank Tr.*, No. 3:20-mc-85 (CSH), 2021 WL 118531, at *3 (D. Conn. Jan. 13, 2021) (showing that court was not "aware of . . . any authority to suggest that the English court would be unwilling to accept discovery under § 1782"); (*see also* Coulson Decl. ¶¶ 23-26).

### 3. There is No Circumvention of Foreign Discovery Procedure.

The third factor the *Intel* court instructs courts to consider is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *In re Hattori*, No. 21-mc-80236-TSH, 2021 WL 4804375, at *4 (N.D. Cal. Oct. 14, 2021) (internal brackets and quotation marks omitted). Here, there are no such restrictions—there is no law, rule, or order preventing Oxford Nanopore from seeking Section 1782 discovery from Respondents. (*See* Coulson Decl. ¶¶ 25-26). On the contrary, as discussed above, English courts routinely accept Section 1782 discovery. *See also In re Apple Retail UK Ltd.*, 2020 WL 3833392, at *4 (third Intel factor weighed in petitioner's favor where it represented "that it is aware of no restrictions or policies of the U.K. court that would limit the gathering of the evidence Apple seeks here"). As such, the third *Intel* factor, too, weighs in Petitioner's favor.

### 4. The Requests are Narrowly Tailored and Not Unduly Burdensome.

Finally, the fourth *Intel* factor looks to whether the requests at issue are "unduly intrusive or burdensome[.]" *Intel*, 542 U.S. at 265. Depositions of corporate officers are standard practice in any U.S. civil litigation and are not burdensome. The Rules of Civil Procedure themselves ensure that the length, time, and place of the deposition do not impose an undue burden. *See* Fed. R. Civ. P. 45(d)(1). The document requests on Respondents, and the corresponding deposition topics, are also not unduly burdensome. Discovery must be "proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Here, the proposed requests set forth in Exhibits A-J (the "Requests") are narrowly tailored and seek evidence relevant to Oxford Nanopore's claims against BGI in the Anticipated English Action. Namely, Oxford Nanopore has narrowly tailored its Requests to information showing that (1) Respondents received Oxford Nanopore's product and confidential information from BGI; and (2) BGI developed a competing technology using Oxford proprietary information that was not just for Research Use.

This Court has previously permitted document and deposition subpoenas against one of these same Respondents that were of similar, if not broader, scope than those set forth in attached Exhibits A-J. *See In re Illumina Cambridge Ltd*, No. 3:19-mc-80215-WHO, ECF No. 1 (N.D. Cal. Sept. 9, 2019), Exhibits 2-5.

Because each of Oxford Nanopore's requests seeks relevant information, is narrowly tailored, and will not be intrusive or burdensome to Respondents, the fourth *Intel* factor also weighs in Oxford Nanopore's favor.

## V.    CONCLUSION

For these reasons, the Court should grant this Application and authorize Oxford Nanopore to serve subpoenas on Shifeng Li, Hemanth Kanekal, Complete Genomics, Innomics, and MGI Americas.

DATED: September 9, 2024

By:   */s/ Rachael Lamkin*

Rachael Lamkin (CA Bar No. 246066)
rachael.lamkin@bakerbotts.com
BAKER BOTTS L.L.P.
101 California St Ste 3200,
San Francisco, California 94111
Telephone: (415) 291-6264
Facsimile:  (415) 291-3645

Paul Morico (TX Bar No. 792053) (*pro hac vice* pending)
paul.morico@bakerbotts.com
BAKER BOTTS L.L.P.
910 Louisiana Street, Suite 3200
Houston, Texas 77002
Telephone:  (713) 229-1732
Facsimile:  (713) 229-7732

Emily Pyclik (TX Bar No. 24110240) (*pro hac vice* pending)
emily.pyclik@bakerbotts.com
BAKER BOTTS L.L.P.
401 S 1st Street, Suite 1300
Austin, Texas 78704
Telephone:  (512) 322-2615
Facsimile:  (512) 322-3615

*Attorneys for Applicant Oxford Nanopore*
*Technologies plc*

OXFORD NANOPORE APPL. FOR DISCOVERY ORDER                    CASE NO. 24-MC-80227
MEMORANDUM OF LAW IN SUPPORT

EXHIBIT A - Document subpoena to Shifeng Li

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Shifeng Li
4278 Westerly Cmn, Fremont, CA 94538-7028

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Offices of Baker Botts, L.L.P. 101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time: TBD |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/09/2024

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | /s/ Rachael D. Lamkin |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Oxford Nanopore Technologies plc _____, who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

## General Instructions

1. You are required to produce documents or things in your possession, custody, or control regardless of the physical location of such documents or things or whether such documents or things are possessed directly by you or your directors, officers, agents, employees, representatives, attorneys, subsidiaries, managing agents, or affiliates.

2. All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

3. If you are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

4. If no responsive documents exist for any particular requests, please specifically state that no responsive documents exist.

5. If any document responsive to these document requests is withheld based upon a claim of privilege, whether based on statute or otherwise, state separately for each such document, in addition to any other information requested: (a) the specific request which calls for its production; (b) the nature of the privilege claimed; (c) its date; (d) its author; (e) its addressees, if any; (f) the title (or position) of its author; (g) the type of document (e.g., letter, memorandum, telegram, chart, report, recording disc, etc.); (h) its title and subject matter (without revealing the information as to which the privilege is claimed); and (i) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege.

6. If any document requested is withheld based on a claim that such document constitutes attorney work-product, please provide all the information described in instruction 5 and identify the litigation in connection with which the document and the information it contains was obtained and/or prepared.

7. The obligation to answer these requests for production is continuing under Fed. R. Civ. P. 26(e). If at any time after answering these requests for production you discover additional information that will make your answers to these requests for production more complete or correct, amend your answers as soon as reasonably possible.

## Definitions

In this schedule:

1. "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., Innomics Inc., MGI Tech Co., Ltd., MGI Holdings Co., Limited, MGI Americas, Inc., and Complete Genomics, Inc., and their predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

1

2. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

3. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

4. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

5. "Related Application" means the following patent application:

    WO2021/051378

6. "Named Inventors of the '656 Patent Application" means the named inventors on the face of the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

7. "Named Inventors of the Related Application" means the named inventors on face of the Related Application.

8. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

9. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

10. "Permitted Persons" means the following people:

    a.  Hui Jiang

    b.  Jianxun Lin

    c.  Guangyi Fan

    d.  Lidong Guo

    e.  Li Deng

    f.  Wenchao Wang

    g.  Yinlong Xie

    h.  Kui Wu

    i.  Ji Yi

2

j.   Nannan Li

k.   Xiaofang Chen

l.   Zhaohui Wang

m.  Guoli Zhu

n.   Limin Chen

o.   Xing Shi

p.   Ou Wang

q.   Weimao Wang

r.   Minfeng Xiao

s.   Ziqing Deng

t.   Wenchen Song

u.   Liao Chang

v.   Wenjia Liu

w.  Guoli Fu

x.   Linfeng Yang

y.   Chong Tang

z.   Ye Xu

aa.  Yue Cai

bb.  Tai Chen

cc.  Tianming Lan

dd.  Linfeng Yang

ee.  Chong Tang

ff.  Zhe Lin

gg.  Tianquan Deng

hh.  Lijuan He

ii.  Xin Yang

jj.  Shixuan Chen

kk. Qianhua Zhu

ll.  Weitian Chen

mm.        Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr.  Zhichao Chen

ss.  Hongying Cheng

tt.  Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.        Chen Liu

xx. Bei Luo

yy. Biao Huang

zz. Zhou Lv

aaa.       Fei Ding

bbb.       Yin Long

ccc.       Tiantian Qiu

ddd.       Wenqian Su

eee.       Yanqiu zhou

11. "Unpermitted Persons" means any person not listed in number 10 above that is affiliated with You.

**<u>Requests</u>**

4

1. Communications between any BGI Entity and you concerning the '656 Patent Application.

2. Communications between any Permitted Persons and you concerning the '656 Patent Application.

3. Communications between any Unpermitted Persons and you concerning the '656 Patent Application.

4. All documents that mention or discuss the '656 Patent Application, or the Named Inventors of the '656 Patent Application, including but not limited to any publications, articles or presentations relating to nanopore sequencing in which any one or more of the Named Inventors of the '656 Patent Application is/are an author, co-author, inventor or co-inventor.

5. All documents and things concerning the conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application.

6. All documents (including but not limited to communications, laboratory notebooks, meeting minutes, slides, presentations, experimental results, and reports) concerning the sensors in Figures 2A and 2B of the '656 Patent Application.

7. All data provided by or collected in connection with the sensors discussed in paragraph 63 of the '656 Patent Application.

8. Communications between any BGI Entity and you concerning a Sequencer Product, including but not limited to any communications regarding patents or applications.

9. Communications between any BGI Entity and you concerning Nanopore Sequencing Device, including but not limited to any communications regarding patents or applications.

10. Communications between any Permitted Persons and you concerning a Sequencer Product or Nanopore Sequencing Device.

11. Communications between any Unpermitted Persons and you concerning a Sequencer Product or Nanopore Sequencing Device.

12. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Sequencer Product, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Sequencer Product.

13. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Nanopore Sequencing Device, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Nanopore Sequencing Device.

14. All strategic plans, planning documents, business plans, and all other documents and studies related to a Sequencer Product.

15. All strategic plans, planning documents, business plans, and all other documents and studies related to a Nanopore Sequencing Device.

16. All documents relating to software code of a Sequencer Product or component thereof.

17. All documents relating to software code of a Nanopore Sequencing Device or component thereof.

18. All documents relating to any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

19. All documents relating to any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

20. All documents relating to research, development, manufacturing, or testing of a Sequencer Product or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

21. All documents relating to research, development, manufacturing, or testing of a Nanopore Sequencing Device or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

22. Communications between any BGI Entity and you concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

23. Communications between any Permitted Persons and you concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

24. Communications between any Unpermitted Persons and you concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

25. All documents concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by You using an Oxford Nanopore nanopore sequencing product.

26. All documents and communications sufficient to understand your relationship or employment by any BGI Entity, including documents sufficient to show which BGI Entity has paid you.

EXHIBIT B - Deposition subpoena to Shifeng Li

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| _____ | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Shifeng Li
4278 Westerly Cmn, Fremont, CA 94538-7028

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Offices of Baker Botts, L.L.P.<br>101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time:<br>TBD |
|---|---|

The deposition will be recorded by this method:  stenographic and videographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/09/2024

CLERK OF COURT

OR

_____        /s/ Rachael D. Lamkin
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Oxford Nanopore Technologies plc
_____, who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

## General Instructions

These Topics are intended to elicit as much information as possible concerning the issues, and to the extent any Topic could be interpreted in more than one way, you should employ the interpretation of the Topic most likely to encompass and elicit the greatest amount of information possible.

## Definitions

In this schedule:

1. "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., Innomics Inc., MGI Tech Co., Ltd., MGI Holdings Co., Limited, MGI Americas, Inc., and Complete Genomics, Inc., and their predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

3. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

4. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

5. "Related Application" means the following patent application:

   WO2021/051378

6. "Named Inventors of the '656 Patent Application" means the named inventors on the face of the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

7. "Named Inventors of the Related Application" means the named inventors on face of the Related Application.

8. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

9. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

10. "Permitted Persons" means the following people:

    a.  Hui Jiang

1

b. Jianxun Lin

c. Guangyi Fan

d. Lidong Guo

e. Li Deng

f. Wenchao Wang

g. Yinlong Xie

h. Kui Wu

i. Ji Yi

j. Nannan Li

k. Xiaofang Chen

l. Zhaohui Wang

m. Guoli Zhu

n. Limin Chen

o. Xing Shi

p. Ou Wang

q. Weimao Wang

r. Minfeng Xiao

s. Ziqing Deng

t. Wenchen Song

u. Liao Chang

v. Wenjia Liu

w. Guoli Fu

x. Linfeng Yang

y. Chong Tang

z. Ye Xu

aa. Yue Cai

bb. Tai Chen

cc. Tianming Lan

dd. Linfeng Yang

ee. Chong Tang

ff. Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii. Xin Yang

jj. Shixuan Chen

kk. Qianhua Zhu

ll. Weitian Chen

mm.     Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr. Zhichao Chen

ss. Hongying Cheng

tt. Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.     Chen Liu

xx. Bei Luo

yy. Biao Huang

    zz.  Zhou Lv

    aaa.     Fei Ding

    bbb.     Yin Long

    ccc.     Tiantian Qiu

    ddd.     Wenqian Su

    eee.     Yanqiu zhou

11. "Unpermitted Persons" means any person not listed in number 10 above that is affiliated with you.

## Topics for Examination

1. The '656 Patent Application.

2. The Related Application.

3. The roles and contributions of each of the inventors and Named Inventors of the '656 Patent Application in the development of the purported invention(s) set forth in the BGI Application. The conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application.

4. The sensors in Figures 2A and 2B of the '656 Patent Application, including any testing performed or data collected using these sensors and an identification of those involved in said testing.

5. Communications with Permitted Persons concerning a Sequencer Product or Nanopore Sequencing Device

6. Communications with Unpermitted Persons concerning a Sequencer Product or Nanopore Sequencing Device

7. BGI's Sequencer Product, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Sequencer Product.

8. Any Nanopore Sequencing Device of BGI, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Nanopore Sequencing Device.

9. The software code of a Sequencer Product or component thereof.

10. The software code of a Nanopore Sequencing Device or component thereof.

11. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

12. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

13. Knowledge of Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by you using an Oxford Nanopore nanopore sequencing product.

14. Your relationship with any BGI Entity, any Permitted Persons, or any Unpermitted Persons.

EXHIBIT C - Document subpoena to Hemanth Kanekal

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Hemanth Kanekal
          1029 Cranberry Drive, Cupertino, CA 95014-4925

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Offices of Baker Botts, L.L.P. 101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time: TBD |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/09/2024

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ Rachael D. Lamkin |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Oxford Nanopore Technologies plc _____, who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

**General Instructions**

1. You are required to produce documents or things in your possession, custody, or control regardless of the physical location of such documents or things or whether such documents or things are possessed directly by you or your directors, officers, agents, employees, representatives, attorneys, subsidiaries, managing agents, or affiliates.

2. All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

3. If you are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

4. If no responsive documents exist for any particular requests, please specifically state that no responsive documents exist.

5. If any document responsive to these document requests is withheld based upon a claim of privilege, whether based on statute or otherwise, state separately for each such document, in addition to any other information requested: (a) the specific request which calls for its production; (b) the nature of the privilege claimed; (c) its date; (d) its author; (e) its addressees, if any; (f) the title (or position) of its author; (g) the type of document (e.g., letter, memorandum, telegram, chart, report, recording disc, etc.); (h) its title and subject matter (without revealing the information as to which the privilege is claimed); and (i) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege.

6. If any document requested is withheld based on a claim that such document constitutes attorney work-product, please provide all the information described in instruction 5 and identify the litigation in connection with which the document and the information it contains was obtained and/or prepared.

7. The obligation to answer these requests for production is continuing under Fed. R. Civ. P. 26(e). If at any time after answering these requests for production you discover additional information that will make your answers to these requests for production more complete or correct, amend your answers as soon as reasonably possible.

**Definitions**

In this schedule:

1. "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., Innomics Inc., MGI Tech Co., Ltd., MGI Holdings Co., Limited, MGI Americas, Inc., and Complete Genomics, Inc., and their predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

1

3. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

4. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

5. "Related Application" means the following patent application:

   WO2021/051378

6. "Named Inventors of the '656 Patent Application" means the named inventors on the face of the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

7. "Named Inventors of the Related Application" means the named inventors on face of the Related Application.

8. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

9. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

10. "Permitted Persons" means the following people:

    a. Hui Jiang

    b. Jianxun Lin

    c. Guangyi Fan

    d. Lidong Guo

    e. Li Deng

    f. Wenchao Wang

    g. Yinlong Xie

    h. Kui Wu

    i. Ji Yi

    j. Nannan Li

    k. Xiaofang Chen

l.   Zhaohui Wang

m.  Guoli Zhu

n.   Limin Chen

o.   Xing Shi

p.   Ou Wang

q.   Weimao Wang

r.   Minfeng Xiao

s.   Ziqing Deng

t.   Wenchen Song

u.   Liao Chang

v.   Wenjia Liu

w.  Guoli Fu

x.   Linfeng Yang

y.   Chong Tang

z.   Ye Xu

aa. Yue Cai

bb. Tai Chen

cc. Tianming Lan

dd. Linfeng Yang

ee. Chong Tang

ff.  Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii.  Xin Yang

jj.  Shixuan Chen

kk. Qianhua Zhu

ll.  Weitian Chen

mm.        Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr.  Zhichao Chen

ss.  Hongying Cheng

tt.  Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.        Chen Liu

xx. Bei Luo

yy. Biao Huang

zz.  Zhou Lv

aaa.        Fei Ding

bbb.        Yin Long

ccc.        Tiantian Qiu

ddd.        Wenqian Su

eee.        Yanqiu zhou

11. "Unpermitted Persons" means any person not listed in number 10 above that is affiliated with You.

## Requests

1.  Communications between any BGI Entity and you concerning the '656 Patent Application.

2. Communications between any Permitted Persons and you concerning the '656 Patent Application.

3. Communications between any Unpermitted Persons and you concerning the '656 Patent Application.

4. All documents that mention or discuss the '656 Patent Application, or the Named Inventors of the '656 Patent Application, including but not limited to any publications, articles or presentations relating to nanopore sequencing in which any one or more of the Named Inventors of the '656 Patent Application is/are an author, co-author, inventor or co-inventor.

5. All documents and things concerning the conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application.

6. All documents (including but not limited to communications, laboratory notebooks, meeting minutes, slides, presentations, experimental results, and reports) concerning the sensors in Figures 2A and 2B of the '656 Patent Application.

7. All data provided by or collected in connection with the sensors discussed in paragraph 63 of the '656 Patent Application.

8. Communications between any BGI Entity and you concerning a Sequencer Product, including but not limited to any communications regarding patents or applications.

9. Communications between any BGI Entity and you concerning Nanopore Sequencing Device, including but not limited to any communications regarding patents or applications.

10. Communications between any Permitted Persons and you concerning a Sequencer Product or Nanopore Sequencing Device.

11. Communications between any Unpermitted Persons and you concerning a Sequencer Product or Nanopore Sequencing Device.

12. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Sequencer Product, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Sequencer Product.

13. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Nanopore Sequencing Device, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Nanopore Sequencing Device.

14. All strategic plans, planning documents, business plans, and all other documents and studies related to a Sequencer Product.

15. All strategic plans, planning documents, business plans, and all other documents and studies related to a Nanopore Sequencing Device.

16. All documents relating to software code of a Sequencer Product or component thereof.

17. All documents relating to software code of a Nanopore Sequencing Device or component thereof.

18. All documents relating to any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

19. All documents relating to any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

20. All documents relating to research, development, manufacturing, or testing of a Sequencer Product or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

21. All documents relating to research, development, manufacturing, or testing of a Nanopore Sequencing Device or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

22. Communications between any BGI Entity and you concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

23. Communications between any Permitted Persons and you concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

24. Communications between any Unpermitted Persons and you concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

25. All documents concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by You using an Oxford Nanopore nanopore sequencing product.

26. All documents and communications sufficient to understand your relationship or employment by any BGI Entity, including documents sufficient to show which BGI Entity has paid you.

EXHIBIT D - Deposition Subpoena to Hemanth Kanekal

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Hemanth Kanekal
1029 Cranberry Drive, Cupertino, CA 95014-4925

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Offices of Baker Botts, L.L.P.<br>101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time:<br><br>TBD |
|---|---|

The deposition will be recorded by this method:    stenographic and videographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/09/2024

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Rachael D. Lamkin |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Oxford Nanopore Technologies plc                                      , who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

**General Instructions**

These Topics are intended to elicit as much information as possible concerning the issues, and to the extent any Topic could be interpreted in more than one way, you should employ the interpretation of the Topic most likely to encompass and elicit the greatest amount of information possible.

**Definitions**

In this schedule:

1. "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., Innomics Inc., MGI Tech Co., Ltd., MGI Holdings Co., Limited, MGI Americas, Inc., and Complete Genomics, Inc., and their predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

3. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

4. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

5. "Related Application" means the following patent application:

   WO2021/051378

6. "Named Inventors of the '656 Patent Application" means the named inventors on the face of the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

7. "Named Inventors of the Related Application" means the named inventors on face of the Related Application.

8. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

9. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

10. "Permitted Persons" means the following people:

    a. Hui Jiang

1

b.  Jianxun Lin

c.  Guangyi Fan

d.  Lidong Guo

e.  Li Deng

f.  Wenchao Wang

g.  Yinlong Xie

h.  Kui Wu

i.  Ji Yi

j.  Nannan Li

k.  Xiaofang Chen

l.  Zhaohui Wang

m.  Guoli Zhu

n.  Limin Chen

o.  Xing Shi

p.  Ou Wang

q.  Weimao Wang

r.  Minfeng Xiao

s.  Ziqing Deng

t.  Wenchen Song

u.  Liao Chang

v.  Wenjia Liu

w.  Guoli Fu

x.  Linfeng Yang

y.  Chong Tang

z.  Ye Xu

aa. Yue Cai

bb. Tai Chen

cc. Tianming Lan

dd. Linfeng Yang

ee. Chong Tang

ff. Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii. Xin Yang

jj. Shixuan Chen

kk. Qianhua Zhu

ll. Weitian Chen

mm. Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr. Zhichao Chen

ss. Hongying Cheng

tt. Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww. Chen Liu

xx. Bei Luo

yy. Biao Huang

zz. Zhou Lv

aaa.     Fei Ding

bbb.     Yin Long

ccc.     Tiantian Qiu

ddd.     Wenqian Su

eee.     Yanqiu zhou

11. "Unpermitted Persons" means any person not listed in number 10 above that is affiliated with you.

## **Topics for Examination**

1. The '656 Patent Application.

2. The Related Application.

3. The roles and contributions of each of the inventors and Named Inventors of the '656 Patent Application in the development of the purported invention(s) set forth in the BGI Application. The conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application.

4. The sensors in Figures 2A and 2B of the '656 Patent Application, including any testing performed or data collected using these sensors and an identification of those involved in said testing.

5. Communications with Permitted Persons concerning a Sequencer Product or Nanopore Sequencing Device

6. Communications with Unpermitted Persons concerning a Sequencer Product or Nanopore Sequencing Device

7. BGI's Sequencer Product, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Sequencer Product.

8. Any Nanopore Sequencing Device of BGI, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Nanopore Sequencing Device.

9. The software code of a Sequencer Product or component thereof.

10. The software code of a Nanopore Sequencing Device or component thereof.

11. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

12. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

13. Knowledge of Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by you using an Oxford Nanopore nanopore sequencing product.

14. Your relationship with any BGI Entity, any Permitted Persons, or any Unpermitted Persons.

EXHIBIT E - Document Subpoena to Complete Genomics

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Complete Genomics, Inc.
C/O CT CORPORATION SYSTEM, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Offices of Baker Botts, L.L.P. 101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time: **TBD** |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/09/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Rachael D. Lamkin |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Oxford Nanopore Technologies plc _____, who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

## General Instructions

1. You are required to produce documents or things in your possession, custody, or control regardless of the physical location of such documents or things or whether such documents or things are possessed directly by you or your directors, officers, agents, employees, representatives, attorneys, subsidiaries, managing agents, or affiliates.

2. All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

3. If you are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

4. If no responsive documents exist for any particular requests, please specifically state that no responsive documents exist.

5. If any document responsive to these document requests is withheld based upon a claim of privilege, whether based on statute or otherwise, state separately for each such document, in addition to any other information requested: (a) the specific request which calls for its production; (b) the nature of the privilege claimed; (c) its date; (d) its author; (e) its addressees, if any; (f) the title (or position) of its author; (g) the type of document (e.g., letter, memorandum, telegram, chart, report, recording disc, etc.); (h) its title and subject matter (without revealing the information as to which the privilege is claimed); and (i) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege.

6. If any document requested is withheld based on a claim that such document constitutes attorney work-product, please provide all the information described in instruction 5 and identify the litigation in connection with which the document and the information it contains was obtained and/or prepared.

7. The obligation to answer these requests for production is continuing under Fed. R. Civ. P. 26(e). If at any time after answering these requests for production you discover additional information that will make your answers to these requests for production more complete or correct, amend your answers as soon as reasonably possible.

## Definitions

In this schedule:

1. "Complete Genomics" means Complete Genomics, Inc. and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2. "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., Innomics Inc., MGI Tech Co., Ltd., MGI Holdings Co., Limited, and MGI Americas, Inc., and their predecessors, successors, subsidiaries, parents,

1

affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

3. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

4. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

5. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

6. "Related Application" means the following patent application:

   WO2021/051378

7. "Named Inventors of the '656 Patent Application" means the named inventors on the face of the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

8. "Named Inventors of the Related Application" means the named inventors on face of the Related Application.

9. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

10. The terms "You," "Your," and similar words mean Complete Genomics and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

11. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

12. "Permitted Persons" means the following people:

   a. Hui Jiang

   b. Jianxun Lin

   c. Guangyi Fan

   d. Lidong Guo

   e. Li Deng

2

f.  Wenchao Wang

g.  Yinlong Xie

h.  Kui Wu

i.  Ji Yi

j.  Nannan Li

k.  Xiaofang Chen

l.  Zhaohui Wang

m.  Guoli Zhu

n.  Limin Chen

o.  Xing Shi

p.  Ou Wang

q.  Weimao Wang

r.  Minfeng Xiao

s.  Ziqing Deng

t.  Wenchen Song

u.  Liao Chang

v.  Wenjia Liu

w.  Guoli Fu

x.  Linfeng Yang

y.  Chong Tang

z.  Ye Xu

aa. Yue Cai

bb. Tai Chen

cc. Tianming Lan

dd. Linfeng Yang

ee.  Chong Tang

ff.  Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii.  Xin Yang

jj.  Shixuan Chen

kk. Qianhua Zhu

ll.  Weitian Chen

mm.     Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr.  Zhichao Chen

ss.  Hongying Cheng

tt.  Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.     Chen Liu

xx. Bei Luo

yy. Biao Huang

zz.  Zhou Lv

aaa.     Fei Ding

bbb.     Yin Long

ccc.     Tiantian Qiu

ddd.     Wenqian Su

eee.     Yanqiu zhou

13. "Unpermitted Persons" means any person not listed in number 12 above that is affiliated with You.

## **Requests**

1. Communications between any BGI Entity and You concerning the '656 Patent Application or the Related Application.

2. Communications between any Permitted Persons and You concerning the '656 Patent Application or the Related Application.

3. Communications between any Unpermitted Persons and You concerning the '656 Patent Application or the Related Application.

4. All documents that mention or discuss the '656 Patent Application or the Related Application, or the Named Inventors of the '656 Patent Application or the Named Inventors of the Related Application, including but not limited to any publications, articles or presentations relating to nanopore sequencing in which any one or more of the Named Inventors of the '656 Patent Application or the Named Inventors of the Related Application is/are an author, co-author, inventor or co-inventor.

5. All documents and things concerning the conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application or the Related Application.

6. All documents (including but not limited to communications, laboratory notebooks, meeting minutes, slides, presentations, experimental results, and reports) concerning the sensors in Figures 2A and 2B of the '656 Patent Application.

7. All data provided by or collected in connection with the sensors discussed in paragraph 63 of the '656 Patent Application.

8. Communications between any BGI Entity and You concerning a Sequencer Product, including but not limited to any communications regarding patents or applications.

9. Communications between any BGI Entity and You concerning Nanopore Sequencing Device, including but not limited to any communications regarding patents or applications.

10. Communications between any Permitted Persons and You concerning a Sequencer Product or Nanopore Sequencing Device.

11. Communications between any Unpermitted Persons and You concerning a Sequencer Product or Nanopore Sequencing Device.

12. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Sequencer Product, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Sequencer Product.

13. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Nanopore Sequencing Device, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Nanopore Sequencing Device.

14. All strategic plans, planning documents, business plans, and all other documents and studies related to a Sequencer Product.

15. All strategic plans, planning documents, business plans, and all other documents and studies related to a Nanopore Sequencing Device.

16. All documents relating to software code of a Sequencer Product or component thereof.

17. All documents relating to software code of a Nanopore Sequencing Device or component thereof.

18. All documents relating to you or any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

19. All documents relating to any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

20. All documents relating to research, development, manufacturing, or testing of a Sequencer Product or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

21. All documents relating to research, development, manufacturing, or testing of a Nanopore Sequencing Device or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

22. Communications between any BGI Entity and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

23. Communications between any Permitted Persons and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

24. Communications between any Unpermitted Persons and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

25. All documents concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by You using an Oxford Nanopore nanopore sequencing product.

26. Documents and communications sufficient to understand Your relationship with any BGI Entity, including documents sufficient to show Your corporate relationship with any BGI Entity.

27. Documents or communications describing the job responsibilities or roles of any Permitted Persons.

EXHIBIT F - Deposition subpoena to Complete Genomics

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. _____ |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Complete Genomics, Inc.
C/O CT CORPORATION SYSTEM, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Offices of Baker Botts, L.L.P.<br>101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time:<br>TBD |
|---|---|

The deposition will be recorded by this method:   stenographic and videographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/09/2024

CLERK OF COURT

OR

_____          /s/ Rachael D. Lamkin
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Oxford Nanopore Technologies plc _____ , who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

## General Instructions

These Topics are intended to elicit as much information as possible concerning the issues, and to the extent any Topic could be interpreted in more than one way, you should employ the interpretation of the Topic most likely to encompass and elicit the greatest amount of information possible.

## Definitions

In this schedule:

1. "Complete Genomics" means Complete Genomics, Inc. and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2. "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., Innomics Inc., MGI Tech Co., Ltd., MGI Holdings Co., Limited, and MGI Americas, Inc. and their predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

3. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

4. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

5. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

6. "Named Inventors" means the Named Inventors on the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

7. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

8. The terms "You," "Your," and similar words mean Complete Genomics and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

9. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

10. "Permitted Persons" means the following people:

    a. Hui Jiang

1

b.  Jianxun Lin

c.  Guangyi Fan

d.  Lidong Guo

e.  Li Deng

f.  Wenchao Wang

g.  Yinlong Xie

h.  Kui Wu

i.  Ji Yi

j.  Nannan Li

k.  Xiaofang Chen

l.  Zhaohui Wang

m.  Guoli Zhu

n.  Limin Chen

o.  Xing Shi

p.  Ou Wang

q.  Weimao Wang

r.  Minfeng Xiao

s.  Ziqing Deng

t.  Wenchen Song

u.  Liao Chang

v.  Wenjia Liu

w.  Guoli Fu

x.  Linfeng Yang

y.  Chong Tang

z.  Ye Xu

aa. Yue Cai

bb. Tai Chen

cc. Tianming Lan

dd. Linfeng Yang

ee. Chong Tang

ff. Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii. Xin Yang

jj. Shixuan Chen

kk. Qianhua Zhu

ll. Weitian Chen

mm.     Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr. Zhichao Chen

ss. Hongying Cheng

tt. Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.     Chen Liu

xx. Bei Luo

yy. Biao Huang

zz.  Zhou Lv

aaa.        Fei Ding

bbb.        Yin Long

ccc.        Tiantian Qiu

ddd.        Wenqian Su

eee.        Yanqiu zhou

11. Unpermitted Persons" means any person not listed in number 10 above that is affiliated with You.

12. "Related Application" means the following patent application:

WO2021/051378

## Topics for Examination

1. The '656 Patent Application.

2. The Related Application.

3. The roles and contributions of each of the inventors and Named Inventors of the '656 Patent Application in the development of the purported invention(s) set forth in the BGI Application.

4. The conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application.

5. The sensors in Figures 2A and 2B of the '656 Patent Application, including any testing performed or data collected using these sensors and an identification of those involved in said testing.

6. Communications with Permitted Persons concerning a Sequencer Product or Nanopore Sequencing Device.

7. Communications with Unpermitted Persons concerning a Sequencer Product or Nanopore Sequencing Device.

8. BGI's Sequencer Product, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Sequencer Product.

9. Any Nanopore Sequencing Device of BGI, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Sequencer Product.

10. The software code of a Sequencer Product or component thereof.

11. The software code of a Nanopore Sequencing Device or component thereof.

12. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

13. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

14. Knowledge of Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by You using an Oxford Nanopore nanopore sequencing product.

15. Your relationship with any BGI Entity, any Permitted Persons, or any Unpermitted Persons.

16. The responsibilities and roles of any Permitted Persons or Unpermitted Persons.

EXHIBIT G - Document subpoena to Innomics

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Innomics Inc.
C/O Zonghui Peng, 2904 Orchard Parkway, San Jose, CA  95135

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Offices of Baker Botts, L.L.P. 101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time: **TBD** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/09/2024

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Rachael D. Lamkin |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Oxford Nanopore Technologies plc                                                , who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

**General Instructions**

1. You are required to produce documents or things in your possession, custody, or control regardless of the physical location of such documents or things or whether such documents or things are possessed directly by you or your directors, officers, agents, employees, representatives, attorneys, subsidiaries, managing agents, or affiliates.

2. All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

3. If you are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

4. If no responsive documents exist for any particular requests, please specifically state that no responsive documents exist.

5. If any document responsive to these document requests is withheld based upon a claim of privilege, whether based on statute or otherwise, state separately for each such document, in addition to any other information requested: (a) the specific request which calls for its production; (b) the nature of the privilege claimed; (c) its date; (d) its author; (e) its addressees, if any; (f) the title (or position) of its author; (g) the type of document (e.g., letter, memorandum, telegram, chart, report, recording disc, etc.); (h) its title and subject matter (without revealing the information as to which the privilege is claimed); and (i) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege.

6. If any document requested is withheld based on a claim that such document constitutes attorney work-product, please provide all the information described in instruction 5 and identify the litigation in connection with which the document and the information it contains was obtained and/or prepared.

7. The obligation to answer these requests for production is continuing under Fed. R. Civ. P. 26(e). If at any time after answering these requests for production you discover additional information that will make your answers to these requests for production more complete or correct, amend your answers as soon as reasonably possible.

**Definitions**

In this schedule:

1. "Innomics" means Innomics, Inc. and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2. "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Holdings Co., Limited, MGI Americas, Inc., and Complete Genomics, Inc., and their predecessors, successors,

1

subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

3. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

4. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

5. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

6. "Related Application" means the following patent application:

   WO2021/051378

7. "Named Inventors of the '656 Patent Application" means the named inventors on the face of the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

8. "Named Inventors of the Related Application" means the named inventors on face of the Related Application.

9. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

10. The terms "You," "Your," and similar words mean Innomics and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

11. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

12. "Permitted Persons" means the following people:

    a. Hui Jiang

    b. Jianxun Lin

    c. Guangyi Fan

    d. Lidong Guo

    e. Li Deng

    f. Wenchao Wang

2

g.  Yinlong Xie

h.  Kui Wu

i.  Ji Yi

j.  Nannan Li

k.  Xiaofang Chen

l.  Zhaohui Wang

m.  Guoli Zhu

n.  Limin Chen

o.  Xing Shi

p.  Ou Wang

q.  Weimao Wang

r.  Minfeng Xiao

s.  Ziqing Deng

t.  Wenchen Song

u.  Liao Chang

v.  Wenjia Liu

w.  Guoli Fu

x.  Linfeng Yang

y.  Chong Tang

z.  Ye Xu

aa.  Yue Cai

bb.  Tai Chen

cc.  Tianming Lan

dd.  Linfeng Yang

ee.  Chong Tang

ff.  Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii.  Xin Yang

jj.  Shixuan Chen

kk. Qianhua Zhu

ll.  Weitian Chen

mm.      Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr.  Zhichao Chen

ss.  Hongying Cheng

tt.  Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.      Chen Liu

xx. Bei Luo

yy. Biao Huang

zz.  Zhou Lv

aaa.      Fei Ding

bbb.      Yin Long

ccc.      Tiantian Qiu

ddd.      Wenqian Su

      eee.        Yanqiu zhou

13. "Unpermitted Persons" means any person not listed in number 12 above that is affiliated with You.

**<u>Requests</u>**

1. Communications between any BGI Entity and You concerning the '656 Patent Application or the Related Application.

2. Communications between any Permitted Persons and You concerning the '656 Patent Application or the Related Application.

3. Communications between any Unpermitted Persons and You concerning the '656 Patent Application or the Related Application.

4. All documents that mention or discuss the '656 Patent Application or the Related Application, or the Named Inventors of the '656 Patent Application or the Named Inventors of the Related Application, including but not limited to any publications, articles or presentations relating to nanopore sequencing in which any one or more of the Named Inventors of the '656 Patent Application or the Named Inventors of the Related Application is/are an author, co-author, inventor or co-inventor.

5. All documents and things concerning the conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application or the Related Application.

6. All documents (including but not limited to communications, laboratory notebooks, meeting minutes, slides, presentations, experimental results, and reports) concerning the sensors in Figures 2A and 2B of the '656 Patent Application.

7. All data provided by or collected in connection with the sensors discussed in paragraph 63 of the '656 Patent Application.

8. Communications between any BGI Entity and You concerning a Sequencer Product, including but not limited to any communications regarding patents or applications.

9. Communications between any BGI Entity and You concerning Nanopore Sequencing Device, including but not limited to any communications regarding patents or applications.

10. Communications between any Permitted Persons and You concerning a Sequencer Product or Nanopore Sequencing Device.

11. Communications between any Unpermitted Persons and You concerning a Sequencer Product or Nanopore Sequencing Device.

12. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Sequencer Product,

including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Sequencer Product.

13. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Nanopore Sequencing Device, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Nanopore Sequencing Device.

14. All strategic plans, planning documents, business plans, and all other documents and studies related to a Sequencer Product.

15. All strategic plans, planning documents, business plans, and all other documents and studies related to a Nanopore Sequencing Device.

16. All documents relating to software code of a Sequencer Product or component thereof.

17. All documents relating to software code of a Nanopore Sequencing Device or component thereof.

18. All documents relating to you or any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

19. All documents relating to any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

20. All documents relating to research, development, manufacturing, or testing of a Sequencer Product or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

21. All documents relating to research, development, manufacturing, or testing of a Nanopore Sequencing Device or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

22. Communications between any BGI Entity and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

23. Communications between any Permitted Persons and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

24. Communications between any Unpermitted Persons and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

25. All documents concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by You using an Oxford Nanopore nanopore sequencing product.

26. Documents and communications sufficient to understand Your relationship with any BGI Entity, including documents sufficient to show Your corporate relationship with any BGI Entity.

27. Documents or communications describing the job responsibilities or roles of any Permitted Persons.

EXHIBIT H - Deposition subpoena to Innomics

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Innomics Inc.
    C/O Zonghui Peng, 2904 Orchard Parkway, San Jose, CA  95135

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Offices of Baker Botts, L.L.P.<br>101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time:<br>TBD |
|---|---|

The deposition will be recorded by this method:    stenographic and videographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/09/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Rachael D. Lamkin |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Oxford Nanopore Technologies plc                                                          , who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

**General Instructions**

These Topics are intended to elicit as much information as possible concerning the issues, and to the extent any Topic could be interpreted in more than one way, you should employ the interpretation of the Topic most likely to encompass and elicit the greatest amount of information possible.

**Definitions**

In this schedule:

1.  "Innomics" means Innomics, Inc. and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2.  "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., MGI Tech Co., Ltd., MGI Holdings Co., Limited, MGI Americas, Inc., and Complete Genomics, Inc., and their predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

3.  A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

4.  "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

5.  "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

6.  "Named Inventors" means the Named Inventors on the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

7.  "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

8.  The terms "You," "Your," and similar words mean Innomics and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

9.  The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

10. "Permitted Persons" means the following people:

    a.  Hui Jiang

1

b.   Jianxun Lin

c.   Guangyi Fan

d.   Lidong Guo

e.   Li Deng

f.   Wenchao Wang

g.   Yinlong Xie

h.   Kui Wu

i.   Ji Yi

j.   Nannan Li

k.   Xiaofang Chen

l.   Zhaohui Wang

m.   Guoli Zhu

n.   Limin Chen

o.   Xing Shi

p.   Ou Wang

q.   Weimao Wang

r.   Minfeng Xiao

s.   Ziqing Deng

t.   Wenchen Song

u.   Liao Chang

v.   Wenjia Liu

w.   Guoli Fu

x.   Linfeng Yang

y.   Chong Tang

z.   Ye Xu

aa. Yue Cai

bb. Tai Chen

cc. Tianming Lan

dd. Linfeng Yang

ee. Chong Tang

ff.  Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii.  Xin Yang

jj.  Shixuan Chen

kk. Qianhua Zhu

ll.  Weitian Chen

mm.     Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr.  Zhichao Chen

ss.  Hongying Cheng

tt.  Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.     Chen Liu

xx. Bei Luo

yy. Biao Huang

zz. Zhou Lv

aaa.    Fei Ding

bbb.    Yin Long

ccc.    Tiantian Qiu

ddd.    Wenqian Su

eee.    Yanqiu zhou

11. Unpermitted Persons" means any person not listed in number 10 above that is affiliated with You.

12. "Related Application" means the following patent application:

WO2021/051378

## Topics for Examination

1. The '656 Patent Application.

2. The Related Application.

3. The roles and contributions of each of the inventors and Named Inventors of the '656 Patent Application in the development of the purported invention(s) set forth in the BGI Application.

4. The conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application.

5. The sensors in Figures 2A and 2B of the '656 Patent Application, including any testing performed or data collected using these sensors and an identification of those involved in said testing.

6. Communications with Permitted Persons concerning a Sequencer Product or Nanopore Sequencing Device.

7. Communications with Unpermitted Persons concerning a Sequencer Product or Nanopore Sequencing Device.

8. BGI's Sequencer Product, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Sequencer Product.

9.  Any Nanopore Sequencing Device of BGI, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Sequencer Product.

10. The software code of a Sequencer Product or component thereof.

11. The software code of a Nanopore Sequencing Device or component thereof.

12. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

13. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

14. Knowledge of Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by You using an Oxford Nanopore nanopore sequencing product.

15. Your relationship with any BGI Entity, any Permitted Persons, or any Unpermitted Persons.

16. The responsibilities and roles of any Permitted Persons or Unpermitted Persons.

EXHIBIT I - Document subpoena to MGI Americas

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
MGI Americas, Inc.
C/O CT CORPORATION SYSTEM, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Offices of Baker Botts, L.L.P.<br>101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time:<br><br>TBD |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/09/2024

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| | | /s/ Rachael D. Lamkin |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_

Oxford Nanopore Technologies plc _____, who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

**General Instructions**

1.  You are required to produce documents or things in your possession, custody, or control regardless of the physical location of such documents or things or whether such documents or things are possessed directly by you or your directors, officers, agents, employees, representatives, attorneys, subsidiaries, managing agents, or affiliates.

2.  All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

3.  If you are unable to answer or respond fully to any document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

4.  If no responsive documents exist for any particular requests, please specifically state that no responsive documents exist.

5.  If any document responsive to these document requests is withheld based upon a claim of privilege, whether based on statute or otherwise, state separately for each such document, in addition to any other information requested: (a) the specific request which calls for its production; (b) the nature of the privilege claimed; (c) its date; (d) its author; (e) its addressees, if any; (f) the title (or position) of its author; (g) the type of document (e.g., letter, memorandum, telegram, chart, report, recording disc, etc.); (h) its title and subject matter (without revealing the information as to which the privilege is claimed); and (i) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege.

6.  If any document requested is withheld based on a claim that such document constitutes attorney work-product, please provide all the information described in instruction 5 and identify the litigation in connection with which the document and the information it contains was obtained and/or prepared.

7.  The obligation to answer these requests for production is continuing under Fed. R. Civ. P. 26(e). If at any time after answering these requests for production you discover additional information that will make your answers to these requests for production more complete or correct, amend your answers as soon as reasonably possible.

**Definitions**

In this schedule:

1.  "MGI Americas" means MGI Americas, Inc. and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2.  "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., Innomics Inc., MGI Tech Co., Ltd., MGI Holdings Co., Limited, and Complete Genomics, Inc., and their predecessors, successors, subsidiaries,

parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

3. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

4. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

5. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

6. "Related Application" means the following patent application:

   WO2021/051378

7. "Named Inventors of the '656 Patent Application" means the named inventors on the face of the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

8. "Named Inventors of the Related Application" means the named inventors on face of the Related Application.

9. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

10. The terms "You," "Your," and similar words mean MGI Americas and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

11. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

12. "Permitted Persons" means the following people:

   a. Hui Jiang

   b. Jianxun Lin

   c. Guangyi Fan

   d. Lidong Guo

   e. Li Deng

   f. Wenchao Wang

g.  Yinlong Xie

h.  Kui Wu

i.  Ji Yi

j.  Nannan Li

k.  Xiaofang Chen

l.  Zhaohui Wang

m. Guoli Zhu

n.  Limin Chen

o.  Xing Shi

p.  Ou Wang

q.  Weimao Wang

r.  Minfeng Xiao

s.  Ziqing Deng

t.  Wenchen Song

u.  Liao Chang

v.  Wenjia Liu

w.  Guoli Fu

x.  Linfeng Yang

y.  Chong Tang

z.  Ye Xu

aa. Yue Cai

bb. Tai Chen

cc. Tianming Lan

dd. Linfeng Yang

ee. Chong Tang

ff. Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii. Xin Yang

jj. Shixuan Chen

kk. Qianhua Zhu

ll. Weitian Chen

mm.      Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr. Zhichao Chen

ss. Hongying Cheng

tt. Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.      Chen Liu

xx. Bei Luo

yy. Biao Huang

zz. Zhou Lv

aaa.      Fei Ding

bbb.      Yin Long

ccc.      Tiantian Qiu

ddd.      Wenqian Su

eee.      Yanqiu zhou

13. "Unpermitted Persons" means any person not listed in number 12 above that is affiliated with You.

## **Requests**

1. Communications between any BGI Entity and You concerning the '656 Patent Application or the Related Application.

2. Communications between any Permitted Persons and You concerning the '656 Patent Application or the Related Application.

3. Communications between any Unpermitted Persons and You concerning the '656 Patent Application or the Related Application.

4. All documents that mention or discuss the '656 Patent Application or the Related Application, or the Named Inventors of the '656 Patent Application or the Named Inventors of the Related Application, including but not limited to any publications, articles or presentations relating to nanopore sequencing in which any one or more of the Named Inventors of the '656 Patent Application or the Named Inventors of the Related Application is/are an author, co-author, inventor or co-inventor.

5. All documents and things concerning the conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application or the Related Application.

6. All documents (including but not limited to communications, laboratory notebooks, meeting minutes, slides, presentations, experimental results, and reports) concerning the sensors in Figures 2A and 2B of the '656 Patent Application.

7. All data provided by or collected in connection with the sensors discussed in paragraph 63 of the '656 Patent Application.

8. Communications between any BGI Entity and You concerning a Sequencer Product, including but not limited to any communications regarding patents or applications.

9. Communications between any BGI Entity and You concerning Nanopore Sequencing Device, including but not limited to any communications regarding patents or applications.

10. Communications between any Permitted Persons and You concerning a Sequencer Product or Nanopore Sequencing Device.

11. Communications between any Unpermitted Persons and You concerning a Sequencer Product or Nanopore Sequencing Device.

12. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Sequencer Product,

including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Sequencer Product.

13. All documents relating to any research, development, intellectual property protection, architecture, design, structure, implementation, or component of a Nanopore Sequencing Device, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build a Nanopore Sequencing Device.

14. All strategic plans, planning documents, business plans, and all other documents and studies related to a Sequencer Product.

15. All strategic plans, planning documents, business plans, and all other documents and studies related to a Nanopore Sequencing Device.

16. All documents relating to software code of a Sequencer Product or component thereof.

17. All documents relating to software code of a Nanopore Sequencing Device or component thereof.

18. All documents relating to you or any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

19. All documents relating to any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

20. All documents relating to research, development, manufacturing, or testing of a Sequencer Product or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

21. All documents relating to research, development, manufacturing, or testing of a Nanopore Sequencing Device or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering or lab notebooks, flow charts, meeting minutes, slides, presentations, reports, and technical notes.

22. Communications between any BGI Entity and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

23. Communications between any Permitted Persons and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

24. Communications between any Unpermitted Persons and You concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product.

25. All documents concerning Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by You using an Oxford Nanopore nanopore sequencing product.

26. Documents and communications sufficient to understand Your relationship with any BGI Entity, including documents sufficient to show Your corporate relationship with any BGI Entity.

27. Documents or communications describing the job responsibilities or roles of any Permitted Persons.

EXHIBIT J - Deposition subpoena to MGI Americas

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of California

| | |
|---|---|
| In re Application of Oxford Nanopore Technologies plc | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: MGI Americas, Inc.
C/O CT CORPORATION SYSTEM, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Offices of Baker Botts, L.L.P.<br>101 California St. Ste 3200, San Francisco, CA 94111 | Date and Time:<br>TBD |
|---|---|

The deposition will be recorded by this method: stenographic and videographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/09/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Rachael D. Lamkin |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Oxford Nanopore Technologies plc , who issues or requests this subpoena, are:
Rachael D. Lamkin, BAKER BOTTS L.L.P., 101 California St. Ste 3200, San Francisco, CA 94111,
rachael.lamkin@bakerbotts.com, Telephone: (415) 291-6264

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

**General Instructions**

These Topics are intended to elicit as much information as possible concerning the issues, and to the extent any Topic could be interpreted in more than one way, you should employ the interpretation of the Topic most likely to encompass and elicit the greatest amount of information possible.

**Definitions**

In this schedule:

1. "MGI Americas" means MGI Americas, Inc. and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

2. "BGI Entity" means Beijing Genomics Institute at Shenzhen, BGI Group, BGI Genomics Co., Ltd., BGI Americas Corp., Innomics Inc., MGI Tech Co., Ltd., MGI Holdings Co., Limited, and Complete Genomics, Inc. and their predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

3. A "Sequencer Product" is the Cyclone SEQ WuTong02 Sequencer, including any past iterations.

4. "Nanopore Sequencing Device" is any nanopore sequencer manufactured, distributed, used, offered for sale, or sold by any BGI Entity.

5. "'656 Patent Application" is US Patent Application No. 17/922,656, titled "System and Apparatus for Nanopore Single Molecule Sequencing."

6. "Named Inventors" means the Named Inventors on the '656 Patent Application, Shifeng Li, Hemanth Kanekal, Yuning Zhang, or Quanxin Yun.

7. "Oxford Nanopore" means Oxford Nanopore Technologies plc and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

8. The terms "You," "Your," and similar words mean MGI Americas and its predecessors, successors, subsidiaries, parents, affiliates, and its past or present directors, officers, agents, representatives, employees, consultants, attorneys, joint venturers, and partners.

9. The word "documents" has the broadest scope permissible under Rule 34 of the Federal Rules of Civil Procedure and includes electronically stored information.

10. "Permitted Persons" means the following people:

    a. Hui Jiang

b.  Jianxun Lin

c.  Guangyi Fan

d.  Lidong Guo

e.  Li Deng

f.  Wenchao Wang

g.  Yinlong Xie

h.  Kui Wu

i.  Ji Yi

j.  Nannan Li

k.  Xiaofang Chen

l.  Zhaohui Wang

m.  Guoli Zhu

n.  Limin Chen

o.  Xing Shi

p.  Ou Wang

q.  Weimao Wang

r.  Minfeng Xiao

s.  Ziqing Deng

t.  Wenchen Song

u.  Liao Chang

v.  Wenjia Liu

w.  Guoli Fu

x.  Linfeng Yang

y.  Chong Tang

z.  Ye Xu

aa. Yue Cai

bb. Tai Chen

cc. Tianming Lan

dd. Linfeng Yang

ee. Chong Tang

ff. Zhe Lin

gg. Tianquan Deng

hh. Lijuan He

ii. Xin Yang

jj. Shixuan Chen

kk. Qianhua Zhu

ll. Weitian Chen

mm.     Yinqi Bai

nn. Changshou He

oo. Mei Guo

pp. Juan Wang

qq. Yulong Qiao

rr. Zhichao Chen

ss. Hongying Cheng

tt. Haitao Wang

uu. Chuanwen Wu

vv. Rongfang Zhou

ww.     Chen Liu

xx. Bei Luo

yy. Biao Huang

zz. Zhou Lv

aaa.       Fei Ding

bbb.       Yin Long

ccc.       Tiantian Qiu

ddd.       Wenqian Su

eee.       Yanqiu zhou

11. Unpermitted Persons" means any person not listed in number 10 above that is affiliated with You.

12. "Related Application" means the following patent application:

WO2021/051378

## Topics for Examination

1. The '656 Patent Application.

2. The Related Application.

3. The roles and contributions of each of the inventors and Named Inventors of the '656 Patent Application in the development of the purported invention(s) set forth in the BGI Application.

4. The conception, reduction to practice, and discovery of the purported invention(s) set forth in the '656 Patent Application.

5. The sensors in Figures 2A and 2B of the '656 Patent Application, including any testing performed or data collected using these sensors and an identification of those involved in said testing.

6. Communications with Permitted Persons concerning a Sequencer Product or Nanopore Sequencing Device.

7. Communications with Unpermitted Persons concerning a Sequencer Product or Nanopore Sequencing Device.

8. BGI's Sequencer Product, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Sequencer Product.

9.  Any Nanopore Sequencing Device of BGI, including any research, development, manufacturing, intellectual property protection, architecture, design, structure, implementation, testing, or component of a Sequencer Product.

10. The software code of a Sequencer Product or component thereof.

11. The software code of a Nanopore Sequencing Device or component thereof.

12. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Sequencer Product.

13. Any BGI Entity's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to a Nanopore Sequencing Device.

14. Knowledge of Oxford Nanopore or any Oxford Nanopore nanopore sequencing product and any testing done by You using an Oxford Nanopore nanopore sequencing product.

15. Your relationship with any BGI Entity, any Permitted Persons, or any Unpermitted Persons.

16. The responsibilities and roles of any Permitted Persons or Unpermitted Persons.